CITY OF ST. PAUL v. ALDEN E. LANDREVILLE.

221 N. W. 2d 532.

August 16, 1974—No. 44583.

*R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Philip B. Byrne,* Assistant City Attorneys, for appellant.
*Wayne T. Belisle,* for respondent.

PER CURIAM.

This is an appeal by the city of St. Paul from an order of the municipal court dismissing a charge of simple assault under the St. Paul city ordinance. Appeal dismissed.

The procedure followed in this case is particularly relevant to this appeal. A police officer was allegedly assaulted on November 22, 1972. Respondent, charged with the assault, first appeared in the St. Paul municipal court on that same date, and a plea of not guilty was entered on December 19, 1972. On January 24, 1973, the date set for trial, a pretrial chamber conference was held by the court, the prosecutor, and the defense counsel. As a result of this discussion, the court ordered that the case be continued for a period of 6 months without plea. Further, it was the court's stated intention to dismiss the matter at the conclusion of that 6-month period if respondent had not engaged in any unlawful or criminal activity resulting in charges during that time period.

Subsequently, on June 1, 1973, a different assistant city attorney filed a notice of motion and motion to be heard on June 20, 1973, requesting that the case against respondent be set for trial. In an attached affidavit it was stated that the court's disposition of the matter had come to his attention only recently and that he believed this disposition to be improper. The court, after hearing arguments, denied this motion. Finally, on August 13, 1973, the court ordered the prosecution dismissed and stated that a formal written order would follow. The following day the court filed the formal written order, stating in part that, "THE COURT HEREBY DISMISSES the matter without plea *permanently* at this time." (Italics supplied.) Whether or not appellant tacitly agreed to the original disposition is in dispute.

The appellant's argument is that a judge has no inherent power to dismiss a criminal complaint over the objection of the prosecutor, except as permitted by statute or to protect specific constitutional rights. The appellant further contends that even

if the dismissal was authorized, it operates without prejudice to the rights of the prosecution to institute further proceedings by way of a complaint. The respondent contends, on the other hand, that a municipality has no right to appeal and that the municipal court did not abuse its discretion in permanently dismissing this charge.

We disposed of the issue of a right of a municipality to appeal in a prosecution involving a city ordinance in the case of City of St. Paul v. Hurd, 299 Minn. 51, 54, 216 N. W. 2d 259, 261 (1974), by stating:

"This court has already applied much of the Minnesota criminal procedure to prosecutions for ordinance violations as well as sections of the very statutes with which we are here concerned. It is therefore consistent that we apply all the provisions of Minn. St. 632.11 to 632.13 to municipalities in cases of ordinance violations."

However, the fact that this court has extended the right to appeal to municipalities is not itself conclusive as to the appealability of the order considered here under the facts presented. Rather, we must go further and reiterate our interpretive statement in City of St. Paul v. Hurd, *supra*. There we stated (299 Minn. 54, 216 N. W. 2d 261):

"In extending this right to appeal to municipalities, it is imperative that the limitations imposed by statute upon state appeals also become applicable to municipal bodies."

Since the state has no right to appeal unless it is expressly allowed by statute, we must look to the statute. Minn. St. 632.11, subd. 1(1), allows appeals in criminal cases "from an order, *the substantive effect of which is to dismiss an indictment, information or complaint.*" (Italics supplied.) Also, Minn. St. 632.13(1) seems to express the intention of the legislature further in stating, "Upon oral notice that the state intends to appeal, the court shall order a further stay of proceedings * * *." Upon a complete dismissal of a criminal case, there are no further proceed-

ings to "stay". Clearly, this language exemplifies the legislative intent to enact some limitation upon this right to appeal. This court has interpreted this provision and stated in State v. Maki, 291 Minn. 427, 428, 192 N. W. 2d 811, 812 (1971):

"* * * As we comprehend the uses of this provision, it is intended to give the state the right to appeal under circumstances where the order appealed from effectively defeats or prevents successful prosecutive action against the defendant. In this case, the magistrate's dismissal of a complaint does not necessarily defeat or terminate the prosecution. The prosecutive authorities may, by further appropriate proceedings, pursue the matter, either by presenting it to another magistrate or by presenting facts relating to the alleged offense to a grand jury for an indictment. An appellate court should not be required to review the issue of probable cause in every preliminary examination before the magistrates of this state."

A literal reading of § 632.11, coupled with a consideration of State v. Maki, *supra*, leads to the conclusion that this statute was not designed to facilitate appeals from dismissals of cases where the prosecution is not prevented from further pursuing the matter. The lower court in its order of dismissal stated that the complaint was dismissed "permanently". It is therefore proper that we, at this time, consider the use of the word "permanently" as well as the phrase often employed, "with prejudice".

This court stated in City of St. Paul v. Hurd, 299 Minn. 51, 55, 216 N. W. 2d 259, 262:

"* * * [I]nasmuch as jeopardy has not attached, we must conclude that the use of the phrase 'with prejudice' by the lower court was inconsequential."

Applying this standard to the instant case, when referring to dismissals the words "with prejudice" or "permanently" must be held to be superfluous. Jeopardy has not attached pursuant to the standards set forth in City of St. Paul v. Hurd, *supra*, and the prosecution cannot be held to be prohibited from commencing

another action should circumstances dictate. Nor is there a showing of a violation of due process, such as harassment, unfairness, loss of witnesses, or the like. Neither does the record indicate a want of prosecution denying the right of a speedy trial under the Sixth Amendment. An attempt to so limit prosecutions by the court, through the use of such language, cannot be the controlling factor, for, as here, the facts indicate that the municipality may reopen the matter if it determines it is necessary.

Further, we cannot agree with appellant's contention that the court has no inherent power to dismiss a criminal complaint over the objection of the prosecution except where provided for by statute or to protect specific constitutional rights. Instead, the court has the inherent power to dismiss a case in the interest or furtherance of justice, whether that power is expressly conferred by statute [1] or arises by implication. However, we do not attempt to curtail the discretion of the prosecutor to pursue other adequate avenues of procedure. To rule otherwise may very well discourage the prosecutor from using his discretion in establishing or utilizing the type of successful pretrial intervention programs being used throughout the country as alternate methods of disposition. Rather, we would commend any concerted action between the court and the prosecutor to reach a desired end.

Under the facts presented here, the respondent fulfilled his informal probationary obligation to the satisfaction of the court and the merits were argued thoroughly. It, therefore, appears that even though the prosecutor's discretion would allow him to reissue the complaint, the record shows that there is no compelling reason to bring this matter before a different court.

---

[1] Minn. St. 631.21 provides: "The court may, either of its own motion the application of the prosecuting officer, and in furtherance of justice, order any criminal action, whether prosecuted upon indictment, information, or complaint, to be dismissed; but in that case the reasons for the dismissal shall be set forth in the order, and entered upon the minutes, and the recommendations of the prosecuting officer in reference thereto, with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case."

Since the appeal is not from an appealable order, we dismiss this appeal.

Respondent is allowed attorneys fees pursuant to § 632.13(8) in the amount of $350.

Appeal dismissed.