CITY OF ST. PAUL v. KRISTINE L. HALVORSON.

221 N. W. 2d 535.

August 16, 1974—No. 44531.

*R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Philip B. Byrne,* Assistant City Attorneys, for appellant.

SCOTT, JUSTICE.

Appeal from an order of the municipal court of St. Paul dismissing a prosecution against defendant for unreasonable acceleration of her motor vehicle in violation of a city ordinance. As this is a nonappealable order,[1] the appeal is dismissed.

On July 5, 1973, defendant, unrepresented by counsel, appeared in St. Paul municipal court to enter a plea to a charge that on June 21, 1973, at approximately 6:25 p. m., she unreasonably accelerated her motor vehicle under circumstances likely to endanger persons or property, in violation of a city ordinance. When asked how she wished to plead, defendant responded, "Guilty." The court then apparently ordinarily requests the prosecutor to elaborate upon the circumstances constituting the basis of the plea. This is done by reference by the prosecutor to available police reports or comments written upon the back of the ticket. In this case, the prosecutor stated to the court that the issuing officer had neither prepared a written report, nor had he written any comments in the space provided on the ticket. The following proceedings then occurred:

"MR. DECOURCY [Assistant City Attorney] :   I have no basis—

"THE COURT :   You tell Officer Anderson—is that C. Anderson? Do you know who that is?

"MR. DECOURCY :   Charles Anderson.

"THE COURT :   Charles Anderson, that he shouldn't bother to write a tag unless he is going to put the information down. Because of that, and not because you were a good driver, the case is dismissed and you are free to go. Just count your blessings.

---

[1] Minn. St. 632.11, subd. 1 (1).

If it happened again, you would get a substantial penalty for it, I would think."

The judge then apparently wrote on the back of the complaint "Dism mot crt (w/prej)."

Subsequent to July 10, 1973, the date on which the city filed its notice of appeal, the trial court entered a formal written order, which stated:

"The above-named defendant appeared in Traffic Arraignment Court on July 5, 1973 on a charge of unreasonable acceleration under the newly created St. Paul City Ordinance. Defendant proceeded pro se and was prepared to enter a plea to the charge. Michael DeCourcy, Assistant City Attorney, appeared in behalf of the City and advised the Court that he did not have available to him any factual report which described activity in violation of the ordinance. By Mr. DeCourcy's remarks and reaction to the Court's comments, it was apparent that Mr. DeCourcy was not inclined to pursue the charge further. In consideration of the fact that the defendant was present in Court ready to proceed, that a conviction for unreasonable acceleration usually results in a fine of approximately $30.00 to $50.00 and in view of the fact that the State was unable to proceed, it was the Court's opinion that the interest of justice required a *dismissal with prejudice* and it was the Court's intent at that time to discharge the defendant *permanently*. Subsequent conversations with Mr. DeCourcy have confirmed to this Court that it was not his intention to pursue the case further and that a proper disposition was, as far as the City was concerned, a dismissal with prejudice.

"ACCORDINGLY, the order to dismiss with prejudice stands." (Italics supplied.)

Appellant sums up its argument as follows:

"Such dismissals (prior to jeopardy attaching) are normally justified by due process considerations involving harassment, unfairness, loss of witnesses and the like, or on speedy trial

grounds where long delay has prejudiced the defendant. *State, Village of Eden Prairie v. Housman,* 288 Minn. 546, 180 N. W. 2d 251 (1970), held that a court has inherent power to dismiss for want of prosecution, but that this would be without prejudice unless the failure of prosecution is congruent with a denial of Sixth Amendment speedy trial rights. No such showing appears anywhere in this record."

We conclude that the words "with prejudice" are alone in no way determinative. In dismissing a case, the court should add supportive reasoning. Those reasons will speak for themselves as to whether there is some legal or constitutional impediment to the institution of a subsequent proceeding. Further, this reasoning will eliminate any need by the lower court to comment upon the finality or prejudice of the proceeding before it. To reiterate, it is not the words utilized by the lower court in its dismissal but rather the basis of the dismissal itself that is controlling for our purposes. The court must then comply with Minn. St. 631.21.[2]

An application of this theory to the case at hand leads to the conclusion that the only effect of the phrase "with prejudice" would be to dismiss this specific uniform traffic tag. Ordinarily, this would not amount to a final disposition merely because the court was dissatisfied with the procedure used by either the police officer or the prosecutor. The municipality is not prohibited from recommencing this action at a later date. However, at this late date, it is suggested that the prosecution in this case not be pursued. The record indicates that the lower court failed

---

[2] Minn. St. 631.21 provides: "The court may, either of its own motion or upon the application of the prosecuting officer, and in furtherance of justice, order any criminal action, whether prosecuted upon indictment, information, or complaint, to be dismissed; but in that case the reasons for the dismissal shall be set forth in the order, and entered upon the minutes, and the recommendations of the prosecuting officer in reference thereto, with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case."

to properly vacate the conviction[3] before making its own motion to dismiss and stating that the defendant was "free to go."

We have recognized the right of a municipality to appeal under limited circumstances in City of St. Paul v. Hurd, 299 Minn. 51, 216 N. W. 2d 259 (1974). There, however, we also stated: "In extending this right of appeal to municipalities, it is imperative that the limitations imposed by statute upon state appeals also become applicable to municipal bodies." 299 Minn. 54, 216 N. W. 2d 261. Since the state has no right to appeal unless it is expressly allowed by statute, we must look to the statute. Minn. St. 632.11, subd. 1(1), allows appeals in criminal cases "[f]rom an order, the substantive effect of which is to dismiss an indictment, information or complaint." This indicates that appeals from outright dismissals are prohibited in those cases where the prosecution may pursue the matter anew. See, City of St. Paul v. Landreville, 301 Minn. 43, 221 N. W. 2d 532 (1974). See, also, Minn. St. 632.13(1).

This court has interpreted Minn. St. 632.11, subd. 1(1), in State v. Maki, 291 Minn. 427, 428, 192 N. W. 2d 811, 812 (1971):

"* * * As we comprehend the uses of this provision, it is intended to give the state the right to appeal under circumstances where the order appealed from effectively defeats or prevents successful prosecutive action against a defendant. In this case, the magistrate's dismissal of a complaint does not necessarily defeat or terminate the prosecution. The prosecutive authorities may, by further appropriate proceedings, pursue the matter, either by presenting it to another magistrate or by presenting facts relating to the alleged offense to a grand jury for indictment. An appellate court should not be required to review the issue of probable cause in every preliminary examination before the magistrates of this state."

---

[3] Minn. St. 609.02, subd. 5. " 'Conviction' means any of the following accepted and recorded by the court:

(1) A plea of guilty; or

(2) A verdict of guilty by a jury or a finding of guilty by the court."

With these statements in mind, we must conclude that the statute in question was not designed to facilitate appeals from dismissals of cases where the prosecution is not prevented from further pursuing the matter. The order of dismissal is therefore not appealable and we must dismiss. See, City of St. Paul v. Landreville, *supra*.

This matter of the use of the terms "with prejudice" and "without prejudice" in criminal cases has spawned much confusion. It appears advisable that the courts refrain from the use of these terms in the criminal area for clearly they are of no value in the ultimate determination of the finality of the dismissal.

Appeal dismissed.