**STATE of Minnesota, Appellant,**

v.

**David L. JUELFS, Respondent.**

**No. 49848.**

Supreme Court of Minnesota.

May 18, 1979.

---

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Gray, Gill & Brinkman and Earl P. Gray, St. Paul, for respondent.

Considered and decided by the court en banc without oral argument.

PER CURIAM.

This is an appeal by the state pursuant to Rule 29.03 Rules of Criminal Procedure, from an order of the district court dismissing a complaint charging defendant with kidnapping, Minn.St. 609.25. We reverse and remand for trial.

Defendant was originally charged with two counts, one charging kidnapping and the other charging third-degree criminal sexual conduct. The jury found defendant guilty of kidnapping but not guilty of the sex charge. The trial court granted a new trial on the kidnapping charge on the ground of inconsistency of verdicts, the court adding that it feared the forms of verdicts it submitted might have confused the jury. The court also alluded to the issue of prosecutorial nondisclosure, which had been the subject of a denied defense mistrial motion during the trial.

Thereafter, the complaint, charging kidnapping alone, was placed on the trial calendar and assigned to a second judge, who, apparently acting pursuant to Minn.St. 631.21, dismissed on the basis of verdict inconsistency.

The prosecutor then appealed to this court pursuant to Rule 29.03. Citing the general rule—"that a defendant who is found guilty of one count of a two-count indictment or complaint is not entitled to a new trial or a dismissal simply because the jury found him not guilty of the other count, even if the guilty and not guilty verdicts may be said to be logically inconsistent"—we stated our opinion that the district court had erred in dismissing the complaint. *State v. Juelfs*, 270 N.W.2d 873, (Minn.1978). However, because the dismissal was apparently pursuant to Minn.St. 631.21, we ruled that the prosecutor did not have the right under Rule 29.03 to appeal, since that rule specifically provides that the prosecutor may not appeal from dismissals for lack of probable cause or pursuant to

§ 631.21. We held that the state's remedy was not a reversal of the dismissal order but a reissuance of the complaint.

However, when the prosecutor reissued the complaint, the defense moved again for a dismissal, claiming that the original dismissal was in effect a judgment of acquittal and that therefore double jeopardy prevented the retrial. A third district judge denied this motion.

The case was then assigned to a fourth judge for trial and on the day of trial defense counsel moved for a dismissal on the basis of collateral estoppel, and the court granted the motion. This appeal followed.

 Because the court's dismissal order was based on the constitutional collateral estoppel doctrine the order, if it became final, would constitute a constitutional impediment to the reissuance of the complaint. Therefore, the prosecutor's appeal is proper pursuant to Rule 29.03. See, *State v. Reisewitz*, 261 N.W.2d 591 (Minn. 1977); *City of St. Paul v. Landreville*, 301 Minn. 43, 221 N.W.2d 532 (1974). Reaching the merits of the appeal, we hold that the court should not have dismissed the complaint. As we indicated on the first appeal, although a jury conviction of a defendant on one count of a two-count complaint may seem logically inconsistent with a contemporaneous acquittal by the same jury on the other count, the verdict will be allowed to stand notwithstanding the seeming inconsistency. The reason collateral estoppel does not apply to a case such as this is that one cannot conclude from the verdicts that the jury *necessarily* found against the state on an issue or issues common to both charges. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *State v. DeSchepper*, 304 Minn. 399, 231 N.W.2d 294, 89 A.L.R.3d 1084 (1975). Rather, the ac-

quittal of the one charge and the conviction of the other may simply mean that the jury was exercising its power of lenity in an attempt to limit the punishment of defendant. See, in addition to the Annotation at 18 A.L.R.3d 259 and the cases we cited in our earlier opinion, 2 Wright, Federal Practice and Procedure—Criminal §§ 468, 514. In conclusion, we hold that the collateral estoppel doctrine has no application in a case such as this.[1]

Reversed and remanded.

Defendant is awarded attorneys fees in the amount of $150 pursuant to Rule 29.03, subd. 2(8), Rules of Criminal Procedure.

---

1. A different result might be mandated in a case where the jury acquitted on one charge and could not reach agreement on the other charge. See, e.g., *United States v. Flowers*, 255 F.Supp. 485, 487–488 (N.C.1966), where the court held that "Though a conviction on one count may be inconsistent with acquittal on another, the verdict will be allowed to stand" but that collateral estoppel may apply, depending on the facts, when "the jurors have acquitted on some counts and have been unable to reach a verdict on others."