**In the Matter of the WELFARE OF J.H.C.**

**No. C5–85–2071.**

Court of Appeals of Minnesota.

April 8, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jan C. Nelson, Redwood Co. Atty., Carl A. Blondin, Asst. Co. Atty., Redwood Falls, for Redwood County.

Bob B. Ebbesen, Redwood Falls, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

J.H.C., age 17, was charged in a citation with violating a traffic law making it unlawful to "turn a vehicle from a direct course or move right or left upon a highway unless and until the movement can be made with reasonable safety after giving an appropriate signal * * *." Minn.Stat. § 169.19, subd. 4 (1984). A later petition citing substitute charges of reckless driving and careless driving was dismissed by the trial court "in the furtherance of justice." The petitioner claims a right to appeal the trial court's decision. We dismiss the appeal.

## FACTS

On September 13, 1985, Redwood County Deputy Sheriff Michael MacCormick issued a uniform traffic citation to J.H.C., alleging that the juvenile crossed into the lane for oncoming traffic on a Lamberton street,

violating Minn. Stat. § 169.19, subd. 4. The officer's notes on the ticket said that an oncoming vehicle had also crossed into J.H.C.'s lane. The alleged violation is classified as a minor traffic offense, and as such the case comes within the jurisdiction of adult court for anyone at least 16 years old. Minn. Stat. § 260.193, subd. 1(c), subd. 3 (1984).[1] See Minn. Stat. § 169.89, subd. 1 (1984). The offense is not a crime. Minn.R.Crim.P. 23.06.

Ten days after the citation was issued, J.H.C. made a first appearance in adult court and entered a not guilty plea. See Minn.R.Crim.P. 5.04. Trial proceedings were scheduled for October 11, 1985. At the time of appearances for trial, the county attorney announced his wish to substitute a charge of careless driving. See Minn.Stat. § 169.13, subd. 2 (1984).[2] The trial court refused to "change the charge to a misdemeanor" on the morning of the trial. The county attorney then dismissed the deputy sheriff's citation.

Three days later the county attorney filed a formal juvenile court petition of Deputy Sheriff MacCormick. J.H.C. was accused in the petition on two counts, reckless driving and careless driving. See Minn. Stat. § 169.13, subds. 1, 2 (1984). After notice to J.H.C. and his parent, an arraignment in juvenile court was conducted on October 29. See Minn.R.Juv.Ct.P. 20, 21. A dispute arose at the arraignment whether trial proceedings should begin then or at a later date. See Minn.R.Juv. Ct.P. 21.02, subd. 2, 27.02.

The trial court summarized the procedural history of the case and concluded its remarks by stating that the matter should proceed to trial that day. Counsel for

1. A violation of section 169.19 (as well as other violations in the same category) is a major traffic offense only when it is committed "in a manner or under circumstances so as to endanger or be likely to endanger any person or property." Minn.Stat. § 169.89, subd. 1. Thus, the Minnesota uniform traffic citation contains the question on its face: "Was offense committed in a manner or under circumstances so as to endanger or be likely to endanger any person or property?" See Minn.Stat. § 169.99, subd. 1a (1984). Deputy Sheriff MacCormick stated "no"

in response to this question on the ticket issued to J.H.C.

2. The county attorney stated a motion to amend the citation. A careless driving charge, however, required proceedings in juvenile court rather than adult court. Careless driving is among major traffic offenses that are subject to juvenile court jurisdiction for minors under age 18. Minn.Stat. § 260.193, subds. 1(b), 2. See Minn.Stat. § 169.13, subd. 2, § 169.89, subd. 1.

J.H.C. wished to proceed. He argued that this was J.H.C.'s third appearance on one incident and that the county attorney should have been ready for trial. The county attorney objected to an immediate trial, arguing that this was only the first appearance on the new charges.

Counsel for J.H.C. moved that the petition be dismissed, and the trial court took the matter under advisement. The next day the trial court dismissed the petition "with prejudice in the furtherance of justice." In an attached memorandum the court expressed the opinion that justice would not be served by requiring further appearances in the case. The court noted · the opinion that due diligence would have led to determination of the charges before the first trial date and that substitution of charges at that time "substantially prejudiced" the accused. The court added that the substitution of charges without the appearance of newly discovered facts "unduly and unfairly" burdened J.H.C.

### ISSUE

Is a dismissal "with prejudice in the furtherance of justice" a final order or otherwise appealable?

### ANALYSIS

In its memorandum accompanying the order to dismiss the petition, the trial court observed that its action was not expressly sanctioned by the 1983 Minnesota Rules of Procedure for Juvenile Courts. This is true. Neither is there express statutory authority for dismissal of a juvenile traffic petition or delinquency petition in the furtherance of justice.

The trial court nevertheless believed it had authority to dismiss in the furtherance of justice, having in mind the settled authority of that kind in criminal practice. *See City of St. Paul v. Landreville,* 301 Minn. 43, 47, 221 N.W.2d 532, 534 (1974). In criminal cases this authority has been long established by statute. *See* Minn.

Stat. § 631.21 (1984). The authority is not exclusively the creature of statute; the Minnesota Supreme Court has held:

> [T]he court has the inherent power to dismiss a case in the interest or furtherance of justice, whether that power is expressly conferred by statute or arises by implication.

*Landreville,* 301 Minn. at 47, 221 N.W.2d at 534. There is no basis for looking upon this dismissal authority any differently for accusations against a juvenile.

▮ It is also settled law that this kind of dismissal is not a final order of the trial court, and this is so in spite of an erroneous trial court characterization of its action as permanent or with prejudice. *See id.; City of St. Paul v. Halvorson,* 301 Minn. 48, 53, 221 N.W.2d 535, 537 (1974). Regardless of the reference to dismissal with prejudice, where jeopardy has not attached, the prosecuting authority is not prohibited from recommencing its action at a later date. *Id. See State v. Maki,* 291 Minn. 427, 428, 192 N.W.2d 811, 812 (1971).

Orders that do not finally dispose of a case are normally not appealable as of right. *See* Minn.R.Civ.App.P. 103.03. In criminal practice this matter of law is declared by rules that ratify prior statutory law. *See* Minn.R.Crim.P. 28.02, 28.04.[3] Similarly, only final orders are appealable according to Minnesota's juvenile code:

> An appeal may be taken by the aggrieved person from a final order affecting a substantial right * * *.

Minn.Stat. § 260.291, subd. 1 (1984).

▮ Appellant asserts this statutory rule on appeals of juvenile cases is superceded by a juvenile court rule. We disagree. The juvenile court rule provides:

> The county attorney may appeal from any pretrial order of the court except an order dismissing a petition for lack of probable cause.

("in furtherance of justice") are not appealable.

---

**3.** Minn.R.Crim.P. 28.04, subd. 1(1) expressly states that dismissals under Minn.Stat. § 631.21

Minn.R.Juv.Ct.P. 31.02, subd. 1 (applicable to traffic law accusations pursuant to Rule 36.02, subd. 22). Unlike the comparable rule of criminal procedure (Minn.R.Crim.P. 28.04, subd. 1), the juvenile rule contains no expression that dismissals in the furtherance of justice are not appealable.

We find nothing in Rule 31.02 to indicate an aim to contradict limits established elsewhere on the appeal of orders that are not final. This analysis is especially compelling because the need for finality is determined by statute for juvenile cases. Minn. Stat. § 260.291; subd. 1. Moreover, because the juvenile court rules are silent on the inherent right of dismissal in furtherance of justice, little can be deduced from omission of the subject in the rule on appeals; in contrast, because dismissals in furtherance of justice are an express part of the law on criminal practice, they are expressly noted in the criminal rule on appeals by the state.

## DECISION

The trial court's order is not final and is not appealable.

Appeal dismissed.