**STATE of Minnesota, CITY OF ST. CLOUD, Appellant,**

v.

**Michael VOIGT, et al., Respondents.**

No. C1–85–2228.

Court of Appeals of Minnesota.

June 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., Jan Petersen, City Atty., Gary N. Gustafson, Asst. City Atty., St. Cloud, for appellant.

Lynne M. Bokinskie, Hall, Byers, Hanson, Steil & Weinberger, P.A., St. Cloud, for respondents.

Heard, considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Respondents Michael and Candace Voigt were each charged with two violations of the City of St. Cloud Zoning Ordinance. One of the charges was subsequently dropped. The trial court dismissed the remaining charges in the interest of justice on the condition that the Voigts comply with the zoning ordinance for one year. The City of St. Cloud appeals. We dismiss the City's appeal.

## FACTS

The Voigts own a nonconforming duplex in the City of St. Cloud.

The City charged Candace and Michael Voigt in separate complaints with two violations of the City of St. Cloud Zoning Ordinance. They were charged with (1)

unlawfully failing to occupy one unit of the nonconforming duplex between March 23, 1983, and March 5, 1985, and (2) unlawfully changing the duplex into a four-plex for the period of June 29, 1984, to March 5, 1985. The City subsequently dropped the first charge.

The parties appeared before the court at a pretrial conference after plea negotiations were unsuccessful. The parties had not reached a plea agreement because the City wanted the Voigts to remove a refrigerator from the basement of the duplex but the Voigts would not do so. At the time of the pretrial conference, the Voigts were only renting two units in the building and therefore they were in compliance with the ordinance.

The trial court dismissed the charges pending against the Voigts "with prejudice" in the interest of justice. The court based its dismissal on the grounds that the zoning ordinance did not require the Voigts to remove the refrigerator and that the Voigts were in conformity with the zoning ordinance and agreed to stay in conformity. As a condition of the dismissal, the court directed the Voigts to enter into the plea agreement offered by the City absent the provision requiring them to remove their refrigerator. The trial court specifically noted that they could be recharged if they violated the ordinance again.

The record contains one completed petition to enter a plea of guilty which labels Candace Voigt as the defendant but is signed by Michael Voigt. The petition states the following plea agreement:

> That [the] charges * * * be dismissed; and the State requests the plea to be taken under advisement for a period of one year on the following conditions:
> (a) Petitioner will terminate all leases with the occupants of the basement of [the duplex] * * *.
> (b) ~~Petitioner will remove the cooking stoves and refrigerators from the basement of [the duplex]~~.

> (c) That there be no violations of the St. Cloud Zoning Ordinance involving the basement areas of [the duplex] for one year.

## ISSUE

Are the trial court's orders dismissing the charges against respondents appealable?

## ANALYSIS

A court has the power to dismiss a criminal case in the interest of justice. Minn. Stat. § 631.21 (Supp.1985) provides in part that:

> The court may order a criminal action * * * to be dismissed. The court may order dismissal of an action either on its own motion or upon motion of the prosecuting attorney and in furtherance of justice. If the court dismisses an action, the reasons for the dismissal must be set forth in the order and entered upon the minutes.

We consider that the trial court's dismissal substantially complied with section 631.21. The court's orders specifically state that it dismissed the charges upon its own motion, and although the court did not cite section 631.21, it stated at least three times that it dismissed the charges "in the interest of justice." The trial court did fail to set forth reasons for the dismissal in its orders as required by section 631.21, but the court sufficiently explained its actions in the record.

Minn.R.Crim.P. 28.04, subd. 1 does not give the City the right to appeal from the dismissal in this case. Rule 28.04, subd. 1 provides that a prosecuting attorney may appeal "from any pretrial order of the trial court except * * * an order dismissing a complaint pursuant to Minn.Stat. § 631.21." The trial court's use of the term "with prejudice" does not change this result. Regardless of the court's characterization of its dismissal, the prosecuting authority is not prohibited from reissuing its complaint if jeopardy has not attached. *See City of*

St. Paul v. Landreville, 301 Minn. 43, 46–47, 221 N.W.2d 532, 534 (1974); *City of St. Paul v. Halvorson,* 301 Minn. 48, 51–53, 221 N.W.2d 535, 537–38 (1974). *See also State v. Fleck,* 269 N.W.2d 736 (Minn.1978) (construing Minn.R.Crim.P. 29.03, subd. 1, the predecessor of Rule 28.04); *In re Welfare of J.H.C.,* 384 N.W.2d 599 (Minn.Ct. App.1986) (trial court's dismissal of a complaint "with prejudice in the furtherance of justice" was not a final order and therefore not appealable).

There is an additional, perplexing factor in this case. Despite the trial court's repeated reference to a dismissal with prejudice, it directed the Voigts to sign a plea agreement.[1] Under the terms of that agreement, a guilty plea was taken under advisement for a period of one year. A dismissal, it appears, was to be effective not at the time the Voigts signed the agreement, but one year from that date. Under these circumstances the prosecutor may not have the authority to reissue a complaint covering the period of June 29, 1984, to March 5, 1985. Indeed, he may not wish to issue such a complaint. The City's admitted purpose in pursuing this matter was to bring the Voigts into compliance with the zoning ordinance. The Voigts have agreed to comply. If they violate their agreement, the prosecutor can issue a new complaint charging a new zoning violation as well as seek to have the court reinstate the old complaints on the basis that the Voigts violated their agreement. The trial court's dismissal does not prevent the prosecuting authority from enforcing the local zoning ordinance.

## DECISION

The trial court's orders dismissing the charges against Michael and Candace Voigt are not appealable.

Appeal dismissed.

1. The record is incomplete. There is only one plea agreement in the file. It identifies Candace Voigt as the defendant on the first page and is signed by Michael Voigt on the second page. If

this situation stems from other than a clerical error in compiling the appeal record, the parties should execute the proper documents to reflect their actual agreement.