**CITY OF WEST ST. PAUL, Appellant,**

**v.**

**Scott David BANNING, Respondent.**

**No. C9–87–649.**

Court of Appeals of Minnesota.

July 21, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Arnold E. Kempe, City Atty. for West St. Paul, West St. Paul, for appellant.

David K. Meier, Woodbury, for respondent.

Considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## MEMORANDUM OPINION

SEDGWICK, Judge.

Respondent Scott Banning was charged with driving under the influence of alcohol, a misdemeanor, after his Intoxilizer breath test showed a .12 blood alcohol content. Minn.Stat. § 169.121, subd. 1 (1986). After Banning pleaded not guilty, the State learned he had been convicted of driving under the influence within the past two years. The State therefore moved to dismiss the complaint so that it could charge him with a gross misdemeanor under Minn. Stat. § 169.121, subd. 3(a).

The trial court granted the State's motion, but at the request of Banning's attorney made the dismissal "with prejudice," noting that "it doesn't make any difference." The State appeals because it believes the trial court unintentionally precluded it from re-charging Banning under the gross misdemeanor statute by making the dismissal "with prejudice." The State did not attempt to re-charge Banning. Its brief cites no supporting authority.

Minn.R.Crim.P. 28.04, subd. 1(1), states:

The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) * * * from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn. Stat. § 631.21 * * *.

Rule 28.04 has been interpreted as allowing appeals from pretrial dismissal orders where the dismissal effectively prevents further prosecution. *See e.g., State v. Olson*, 382 N.W.2d 279, 281 (Minn.Ct.App. 1986) (dismissal for lack of probable cause held appealable). Conversely, we have stated, "An order of dismissal is not appealable unless it bårs renewed prosecution of the offense." *State v. Chamberlain*, 373 N.W.2d 854, 856 (Minn.Ct.App.1985).

The State is mistaken in its belief that the trial court's use of the phrase "with prejudice" precludes it from prosecuting Banning on the gross misdemeanor offense. The phrases "with prejudice" and "without prejudice" are irrelevant to a determination of the finality of a dismissal in a criminal case. *City of St. Paul v. Halvorson*, 301 Minn. 48, 221 N.W.2d 535 (1974); *City of St. Paul v. Landreville*, 301 Minn. 43, 221 N.W.2d 532 (1974). Accordingly, there is no reason for this appeal, and the order of dismissal is not appealable. *See State v. Voigt*, 388 N.W.2d 790 (Minn.Ct.App.1986) (order dismissing criminal action "with prejudice" in interests of justice held not appealable because prosecutor could reissue complaint); *In re J.H.C.*, 384 N.W.2d 599 (Minn.Ct.App.1986) (order dismissing charges against juvenile "with prejudice in the furtherance of justice" held not appealable because charges could be refiled).

## DECISION

Appeal dismissed.