STATE OF MINNESOTA

IN SUPREME COURT

A16-0283

Court of Appeals                                                      Lillehaug, J.

In re Timothy Leslie,
Dakota County Sheriff,

                    Appellant,

State of Minnesota,

                    Appellant,

vs.                                                         Filed:  January 11, 2017
                                                            Office of Appellate Courts

John David Emerson,

                    Respondent.

_____

James C. Backstrom, Dakota County Attorney, Phillip D. Prokopowicz, Chief Deputy County Attorney, Helen R. Brosnahan, Assistant County Attorney, Hastings, Minnesota, for appellants Leslie and State of Minnesota.

Cathryn Middlebrook, Chief Appellate Public Defender, Saint Paul, Minnesota, for respondent.

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, Saint Paul, Minnesota, for amicus curiae Minnesota Attorney General.

Teresa Nelson, Legal Director, American Civil Liberties Union of Minnesota, Saint Paul, Minnesota, for amicus curiae American Civil Liberties Union of Minnesota.

_____

The district court exceeded its lawful authority when, in a criminal proceeding and without the authorization of any rule or statute, it granted a motion and issued an order to restrain a non-party to that proceeding.

Reversed; writ of prohibition issued.

O P I N I O N

LILLEHAUG, Justice.

On January 14, 2016, the Dakota County Attorney, on behalf of the State of Minnesota, charged Respondent John David Emerson with second-degree assault with a dangerous weapon. *See* Minn. Stat. § 609.222, subd. 1 (2016). The district court found there was probable cause for the charge and Emerson was arrested. At Emerson's first appearance, and upon his counsel's oral motion, the district court issued an oral order restraining Timothy Leslie, the Dakota County Sheriff (the Sheriff), from collecting Emerson's deoxyribonucleic acid (DNA) for law enforcement identification purposes under Minn. Stat. § 299C.105, subd. 1(a)(1)(iii) (2016). *See also* Minn. Stat. § 299C.155 (2016). The district court's oral order was followed by its written findings of fact, order, and supporting memorandum, which rejected an argument by the State that the district court lacked subject matter jurisdiction to hear and decide Emerson's motion.[1]

The Sheriff filed a petition for a writ of prohibition, asking the Minnesota Court of

---

[1] The supporting memorandum also addressed the constitutionality of Minn. Stat. § 299C.105, subd. 1 (2016). We do not reach the constitutionality of pre-conviction DNA collection in this opinion.

Appeals to prohibit the district court from enforcing its order against the Sheriff. The court of appeals denied the Sheriff's petition, concluding that the district court had subject matter jurisdiction and did not abuse its discretion or commit an error of law in granting Emerson's motion. The Sheriff then filed a petition for review, which we granted. We now reverse.

When there are issues of law, we review the court of appeals' decision to deny an extraordinary writ using a de novo standard of review. *State v. Hart*, 723 N.W.2d 254, 257 (Minn. 2006). A writ of prohibition may be issued only if:

> (1) an inferior court or tribunal [is] about to exercise judicial or quasi-judicial power; (2) the exercise of such power [is] unauthorized by law; and (3) the exercise of such power [will] result in injury for which there is no adequate remedy.

*State v. Deal*, 740 N.W.2d 755, 769 (Minn. 2007) (alterations in original) (quoting *Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 208 (Minn. 1986)). We address each element in turn.

As to the first element, the parties do not dispute that the district court exercised judicial power by issuing an order prohibiting the Sheriff from collecting Emerson's DNA. We agree.

As to the second element, the parties dispute whether the district court exceeded its lawful authority. The Sheriff argues that the district court lacked subject matter jurisdiction to address the merits of Emerson's motion. Emerson responds that the district court had subject matter jurisdiction, as a court of general jurisdiction, to hear all types of civil and criminal cases.

Subject matter jurisdiction is a court's "statutory or constitutional *power* to

3

adjudicate the case." *Giersdorf v. A & M Constr., Inc.*, 820 N.W.2d 16, 20 (Minn. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "The district court has original jurisdiction in all civil and criminal cases." Minn. Const. art. VI, § 3. Such original jurisdiction includes a claim by a citizen against a public official, such as this one. *See State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015). Thus, the district court had subject matter jurisdiction over Emerson's claim.

But subject matter jurisdiction is not enough; a district court must still use a proper *procedure* to decide any issue raised during a case. *Schnagl* controls here. In *Schnagl*, we held that—although the district court had subject matter jurisdiction—it used the wrong procedure to resolve a request for judicial review of a public official's decision. 859 N.W.2d at 300-04.

After Schnagl violated the terms of his supervised release, the Minnesota Department of Corrections (DOC) revoked his release and ordered him to serve the remaining portion of his executed sentence in custody. *Id.* at 298. The DOC recalculated the expiration date for Schnagl's conditional-release term to include the time already spent in custody for his supervised-release violations. *Id.*

In his criminal case, Schnagl filed a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, alleging that the DOC had illegally extended his conditional-release term. *Id.* The State contested the motion, asserting that the district court lacked subject matter jurisdiction. *Id.* The district court concluded that it had subject matter jurisdiction, but denied Schnagl's motion on the merits. *Id.* The court of appeals affirmed. *Id.*

4

We concluded that the district court had subject matter jurisdiction to consider Schnagl's motion, but should not have denied the motion on the merits. *Id.* We first reasoned that a motion under Rule 27.03 was "not the proper procedure to obtain judicial review of the [DOC] Commissioner's administrative decision." *Id.*; *see also id.* at 302 (stating that Rule 27.03 "does not provide the district court with a procedural vehicle to address the administrative decisions of the Commissioner of Corrections"). We also explained, "In the absence of the Commissioner as a party, a district court's order directing the Commissioner to correct the expiration date of a conditional-release term could very well be a non-binding advisory opinion." *Id.* at 303; *see also State v. Andersen*, 871 N.W.2d 910, 915 (Minn. 2015) (citing *Schnagl* for the proposition that "a motion filed in a criminal proceeding was not the proper procedure to obtain review of the DOC's actions, as the DOC was not a party"). We concluded that the district court should have denied Schnagl's motion without prejudice, which would have allowed him to file a petition for a writ of habeas corpus—a civil action authorized by Minnesota Statutes chapter 589 (2016). *Schnagl*, 859 N.W.2d at 303. In such an action, Schnagl could name the DOC Commissioner—the real party in interest—as the defendant. *Id*.

This case mirrors *Schnagl*. Like *Schnagl*, the Minnesota Rules of Criminal Procedure govern Emerson's criminal case. Minn. R. Crim. P. 1.01. Although the criminal rules authorize specific motions that litigants may make, they do not authorize the one Emerson made and specifically do not authorize third-party practice.[2] The district court

---

[2]     Compare the criminal rules with Minnesota Rules of Civil Procedure 14, 19, and 20, which encourage, and provide the procedures for, including third parties in the case.

ruled on Emerson's motion at his first appearance, which is governed by Rule 5. But that rule does not provide any procedure for a motion contesting the constitutionality of a statute. Rule 11.02(g), by contrast, authorizes the court to hear a motion raising constitutional issues in a criminal case, but at an omnibus hearing, not at a first appearance.

Rule 9.02, subdivision 2(1)(f), addresses discovery of a defendant's "bodily materials," which would encompass DNA, but the motion and process authorized by that rule are available only to the prosecutor. Moreover, the district court may only grant such a motion if it "will materially aid in determining whether the defendant committed the offense charged," Minn. R. Crim. P. 9.02, subd. 2(1), whereas DNA collected under Minn. Stat. § 299C.105, subd. 1, may not be used to establish guilt. *See* Minn. Stat. § 299C.155, subds. 1, 4 (limiting law enforcement's use of DNA collected under section 299C.105 to "identification purposes"). Emerson has not otherwise identified a Rule of Criminal Procedure that authorized his motion or the district court's order restraining a third party from taking the action to which Emerson objected. There is none.[3]

Rather, as in *Schnagl*, the motion Emerson brought in his criminal proceeding essentially sought civil relief. In a civil action, and following the Minnesota Rules of Civil Procedure, Emerson could have served and filed a complaint, made the Sheriff a defendant, and challenged the constitutionality of the DNA-collection statute. In a civil action,

---

[3] In a criminal case, a district court may have the power to issue orders directly to law enforcement to preserve the integrity of the criminal proceeding, such as to avoid bias in the jury pool. *See, e.g.*, *Sheppard v. Maxwell*, 384 U.S. 333, 359 (1966) ("[T]he court should have made some effort to control . . . gossip to the press by police officers."). That was not the situation here. The DNA sample was not to be taken for, or used in, Emerson's criminal case. *See* Minn. Stat. § 299C.155.

Emerson could have sought a speedy remedy, such as a temporary restraining order under Rule 65.01 or a temporary injunction under Rule 65.02, to restrain the Sheriff from taking his DNA.

Further, in a civil action, the Minnesota Attorney General and the Sheriff would have had a full and fair opportunity to defend the constitutionality of the statute. Rule 5A requires that the filing party notify the Attorney General of the constitutional challenge to provide her with an opportunity to intervene. Minn. R. Civ. P. 5A(2). And the General Rules of Practice for District Courts, Rules 115.02 and 115.04, require notice to, and service on, all parties. In this case, by contrast, an oral motion was immediately granted by the district court's oral order without any briefing, without notice to the Sheriff,[4] and without notice to the Attorney General. Civil procedure and the rules of motion practice, especially important when addressing a serious constitutional issue, were left behind.

Accordingly, the district court had subject matter jurisdiction as a court of general jurisdiction, but it exceeded its lawful authority when it used the wrong procedure to address Emerson's constitutional challenge to the DNA-collection statute.

As to the third element required for a writ of prohibition, the parties dispute whether the district court's order injured the Sheriff, and whether an adequate remedy is available to him. We conclude that the Sheriff suffered an injury for which there is no such remedy.

The Sheriff's absence as a party to the criminal case, and his resulting inability to

---

[4] The Dakota County Attorney's Office represented the State, not the Sheriff, during Emerson's first appearance. The Office later represented the Sheriff on his petition for a writ of prohibition.

assert his interests on the constitutional question, caused him injury. Specifically, the district court issued an order restraining the Sheriff from complying with the DNA-collection statute without giving him notice and an opportunity to be heard. *Cf.* Minn. R. Civ. P. 19.01 (requiring joinder of a party when "the disposition of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest"). The deprivation of these procedural rights caused injury.

Moreover, the Sheriff lacks an adequate remedy. He has no other way to contest the district court's order and cannot otherwise collect Emerson's DNA as he asserts he is required to do under Minnesota law. Under Minnesota Rule of Criminal Procedure 28.03, the parties may certify a question for appeal, but Emerson has exercised his legal right not to request or consent to certification regarding the constitutional challenge he brought. Under Rule 28.04, subdivision 1(1), the prosecutor may appeal a pretrial order, but under subdivision 2(2)(b), that order will only be reversed if it contains an error that "will have a critical impact on the outcome of the trial." *See State v. Lugo*, 887 N.W.2d 476, 481 (Minn. Nov. 30, 2016). Here, the Sheriff is not the prosecutor. Further, DNA collected under section 299C.105 cannot be used as evidence in the criminal case, so the order would not have a critical impact on Emerson's criminal trial. Finally, Emerson's theory that the Sheriff could seek a warrant fails because nothing in the record suggests that Emerson's DNA would provide evidence of an unsolved crime. *See State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995) (discussing the requirement that a search warrant be supported by probable cause). Thus, the Sheriff has no adequate remedy.

In sum, the Sheriff has met all three elements for a writ of prohibition. We therefore

8

reverse the court of appeals and grant the Sheriff's petition for the writ. We grant the requested prohibition without prejudice to either party's right to seek appropriate judicial relief in a separate civil proceeding.

Reversed; writ of prohibition issued.