# STATE v. THOMAS W. MAKI.

192 N. W. (2d) 811.

November 19, 1971—No. 43205.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Thomas J. Bieter,* Assistant County Attorney, for appellant.

*McNulty & Stege* and *William L. Stege,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ. Reconsidered and decided on the record by the court en banc.

MURPHY, JUSTICE.

Appeal from an order of the municipal court of the city of Duluth dismissing a complaint after a preliminary hearing. The complaint charged defendant with alleged violation of statutes relating to possession of prohibited drugs, Minn. St. 1969, §§ 618.02 and 152.09. The state contends here that the municipal court misconceived its role as a magistrate in preliminary examination and functioned as a trier of fact in determining guilt or innocence rather than passing upon the issue of whether the

evidence presented by the prosecution was sufficient to establish probable cause that defendant was guilty of a public offense. State v. Schwartz, 266 Minn. 104, 122 N. W. 2d 769 (1963); State ex rel. Hastings v. Bailey, 263 Minn. 261, 116 N. W. 2d 548 (1962).

We hold that, on the record, the order of the magistrate is not appealable. The state apparently finds support for the appeal from the provisions of Minn. St. 632.11, subd. 1, which provide in part:

"In criminal cases the state may appeal in the following instances:

"(1)  From an order, the substantive effect of which is to dismiss an indictment, information or complaint."

We do not understand this provision to comprehend that the state has the right to appeal every time a magistrate dismisses a complaint. As we comprehend the uses of this provision, it is intended to give the state the right to appeal under circumstances where the order appealed from effectively defeats or prevents successful prosecutive action against the defendant. In this case, the magistrate's dismissal of the complaint does not necessarily defeat or terminate the prosecution. The prosecutive authorities may, by further appropriate proceedings, pursue the matter, either by presenting it to another magistrate or by presenting facts relating to the alleged offense to a grand jury for indictment. An appellate court should not be required to review the issue of probable cause in every preliminary examination before the magistrates of this state.

Appeal dismissed.