## STATE v. JOHN HARLIN MOGAN.

225 N. W. 2d 216.

October 25, 1974—No. 44861.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for appellant.

*Bruce Hartigan,* for respondent.

Heard before Sheran, C. J., and Kelly, Yetka, Scott, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal by the state from an order of the district court pursuant to a motion made upon special appearance by defendant-respondent, dismissing a complaint on the grounds that the venue of the alleged offenses is not in Ramsey County. The complaint charged defendant with coercion in violation of Minn. St. 609.27, subd. 1(1), and subd. 2(3),[1] and with felonious theft

---

[1] Minn. St. 609.27, subd. 1(1), provides as follows: "* * * Whoever orally or in writing makes any of the following threats *and thereby causes another against his will to do any act or forebear doing a lawful act* is guilty of coercion and may be sentenced as provided in subdivision 2:

"(1) A threat to unlawfully inflict bodily harm upon, or hold in confinement, the person threatened or another, when robbery or attempt to rob is not committed thereby." (Italics supplied.)

Subd. 2(3) provides as follows: "* * * Whoever violates subdivision

contrary to Minn. St. 609.52, subd. 2(4), and subd. 3(1).[2] The state contends that the order is appealable under Minn. St. 632.11, subd. 1.[3]

On September 4, 1973, Thomas Eichinger found a note under the door of his apartment in St. Paul. The note directed him to bring $17,500 cash to the Top of the Hilton the following evening at 6 p. m. and from there to page Paul Marcotti at Buster's Bar in Minneapolis. The note further stated that if he failed to comply he would be killed. After contacting the St. Paul police, Eichinger followed the directions in the note but received no answer to his page.

The next day he was contacted by phone at his apartment and was told to take the money to Howard Wong's the 6th of September at 8 p. m. On the 6th at 7:30 p.m., he went to Howard Wong's with $2,501 in cash in a black satchel, followed by the St. Paul police. At 7:45 p. m., he was paged at Howard Wong's and was told to take the money to 79th and 13th in Bloomington to a "For Sale" sign. A map and note taped to the For Sale sign directed him to the parking area of a nearby Gem Store. There he threw the satchel into a clump of bushes and returned to Howard Wong's as directed.

---

1 may be sentenced as follows:

\* \* \* \* \*

"(3) To imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both, if such pecuniary gain or loss is $2,500 or more."

2 Minn. St. 609.52 provides in part: "Subd. 2. Acts constituting theft. Whoever does any of the following commits theft and may be sentenced as provided in subdivision 3:

\* \* \* \* \*

"(4) By swindling, whether by artifice, trick, device, or any other means, obtains property from another person."

3 Minn. St. 632.11, subd. 1, provides in pertinent part as follows: "In criminal cases the state may appeal in the following instances:

"(1) From an order, the substantive effect of which is to dismiss an indictment, information or complaint."

The St. Paul police, in contact with Eichinger by a wireless transmitter on his person, observed the area where the satchel was dropped. After a short wait, defendant walked through the Gem Store parking area and picked up the satchel. He was apprehended by the St. Paul police at that location. The Gem Store and parking lot are in Hennepin County.

The order of the lower court dismissing the complaint because of improper venue is not an order which effectively defeats or prevents successful prosecutive action against the defendant. Thus, as we have held in State v. Maki, 291 Minn. 427, 192 N. W. 2d 811 (1971), City of St. Paul v. Landreville, 301 Minn. 43, 221 N. W. 2d 532 (1974), and City of St. Paul v. Halvorson, 301 Minn. 48, 221 N. W. 2d 535 (1974), the right of appeal granted to the state by Minn. St. 632.11, subd. 1,[4] is not available under the facts of this case.

In this case the prosecutive authorities may pursue the matter by appropriate proceedings in Hennepin County.

Respondent is allowed $400 attorneys fees.

Appeal dismissed.

---

[4] Minn. St. 632.11, subd. 1, provides in part: "In criminal cases the state may appeal in the following instances:

"(1) From an order, the substantive effect of which is to dismiss an indictment, information or complaint."