THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
THOMAS B. OVERSTREET, Defendant-Appellee.

Fourth District   No. 14508

Opinion filed September 29, 1978.—Rehearing denied October 27, 1978.

James R. Benson, State's Attorney, of Paxton (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Can the State file a criminal information, lose at the preliminary hearing, and then refile the same information and proceed to another preliminary hearing?

Yes—absent harassment.

Overstreet was charged by information with possession of between 30 and 500 grams of cannabis. At a November 11, 1976, preliminary hearing the State failed to present evidence as to the amount of cannabis possessed by Overstreet. The trial judge denied leave to the State to reopen its case and dismissed the information for a lack of probable cause.

A new State's Attorney then took office and refiled the information on April 14, 1977. The State then sought to hold a second preliminary hearing before a different judge, who dismissed the information on the grounds that while the State could seek an indictment against the defendant, it would violate due process and fundamental fairness to allow the State to refile the information and hold additional preliminary hearings on the same charge.

We disagree.

■■ Article 1, section 7, of the 1970 Illinois Constitution, authorized the General Assembly to abolish the grand jury or limit its use. In *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724, the supreme court noted that the legislature had taken neither action. Subsequently, the legislature did act and allowed the prosecution of felonies by information or indictment. (Ill. Rev. Stat. 1975, ch. 38, par. 111—2.) Thus, it is undeniably

clear that an information can now be used in an area formerly reserved for indictments.

Nor can it be seriously challenged that a prosecutor in Illinois can seek an indictment against a defendant even if probable cause is not found at the preliminary hearing. (*People v. Gooding* (1974), 21 Ill. App. 3d 1064, 316 N.E.2d 549, *rev'd on other grounds* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) Consequently, a finding of no probable cause at the preliminary hearing should not in itself bar a second preliminary hearing. (Accord, *Commonwealth v. Britt* (1972), 362 Mass. 325, 285 N.E.2d 780; *State v. Maki* (1971), 291 Minn. 427, 192 N.W.2d 811; *Commonwealth v. Hetherington* (1975), 460 Pa. 24, 331 A.2d 205; *Thomas v. Justice Court* (Wyo. 1975), 538 P.2d 42; Fed. R. Crim. P. 5.1(b).) Part of the rationale for this rule is "that since a state cannot appeal a dismissal at a preliminary hearing, it would frustrate public policy to deny the State a further opportunity to prosecute." (*State v. Thomas* (Mo. 1975), 529 S.W.2d 379, 382.) Furthermore, since a preliminary hearing finding does not constitute either a conviction or acquittal, a defendant is not placed in jeopardy. *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385; *People v. Webb* (1968), 39 Ill. 2d 146, 233 N.E.2d 365.

A subsequent proceeding either by indictment or information is barred, however, if it reaches the point of harassment, thereby violating due process. But a second preliminary hearing does not *per se* violate due process, and Overstreet has presented no evidence of bad faith harassment in this particular case. Absent a showing of harassment, bad faith, or fundamental unfairness the State must be allowed an opportunity to refile by information and proceed to a second preliminary hearing.

Reversed and remanded.

REARDON and TRAPP, JJ., concur.