THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JESSE JENKINS, Defendant-Appellee.

Fourth District    No. 15816

Opinion filed April 25, 1980.

Thomas J. Fahey, State's Attorney, of Danville (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Michael O'Brien, of Danville, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a single question of mixed fact and law, *viz.*, whether a dismissal by a trial court after two previous mistrials of the same case is sustainable on due process grounds when there is no showing of actual prejudice to the defendant. We answer in the negative.

Defendant was charged by criminal complaint with the offense of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501). He was tried by a jury on May 25, 1979, but the jury was unable to reach a verdict, and a mistrial was declared. Retrial occurred on June 28, 1979, but one juror became absent, and defendant refused to stipulate to a verdict of eleven; whereupon, the cause was again mistrialed. On August 24, 1979, the circuit court of Vermilion County dismissed the complaint on motion of the defendant. The trial court noted its inherent authority to dismiss under *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, and held that its action was justified (1) because of the expense to defendant to stand trial a third time, and (2) because defendant had already been punished by a 90-day suspension of his license. The trial court stated that it found no undue delay nor harassment on the part of the State and further said in conclusion, "My statement was on due fairness."

Defendant has filed no brief in this court, but we have elected to consider the merits of the appeal under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The *Lawson* court was concerned with preindictment delay and held that dismissal was proper when a defendant could show "actual and substantial prejudice." We hold that the same rationale applies to retrials and that in the case at bar defendant has alleged, but not shown, any actual and substantial prejudice.

Defendant alleged in his motion that material evidence might become unavailable to him by reason of the passage of time, but he nowhere detailed what that evidence was. Moreover, the complaint was filed March 14, 1979, and dismissed August 24, 1979, a lapse of only five months. It was incumbent on defendant to explain what evidence might

disappear in so short a time, although we do not say that such a disappearance is not possible.

Defendant also complained that he would be put to the expense of a third trial. So far as we know, legal fees have never been considered a lack of due process nor the payment thereof prejudicial.

Defendant further argued in the trial court that there would be additional expense to the public by reason of a third trial. Such considerations are left by law to the State's Attorney's discretion. The same can be said of the trial court's statement to the effect that the 90-day suspension already endured was punishment enough.

As noted above, the trial court found that neither undue delay nor harassment was attributable to the State in this case. In *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305, we held that harassment was required to be shown in dismissing charges on the basis of due process.

We find persuasive a statement by the United States Court of Appeals for the Ninth Circuit which was considering a claim of double jeopardy under circumstances similar to the case at bar. It found that a third trial following two prior mistrials did not constitute double jeopardy and added, "Nor should it, in the absence of a strong showing of harassment, deprive appellant of due process." *United States v. Quijada* (9th Cir. 1978), 588 F.2d 1253, 1255.

We hold that defendant was not denied due process and that fundamental fairness did not require dismissal of the complaint. For the foregoing reasons, the judgment of the circuit court of Vermilion County is reversed, and the cause is remanded with directions to reinstate the charge and to proceed to trial.

Reversed and remanded with directions.

MILLS, P. J., and CRAVEN, J., concur.