678 P.2d 1109

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Elizar RUIZ, aka Andy Ruiz,
Defendant-Respondent.**

No. 14511.

Supreme Court of Idaho.

Feb. 24, 1984.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-appellant.

Gary Dale DeMeyer and Virginia Rae DeMeyer, Middleton, for defendant-respondent.

SHEPARD, Justice.

This is an appeal by the State of Idaho from the order of a magistrate court dismissing a criminal complaint on the basis that the State had not shown probable cause that the accused committed the crimes charged. From that order of the magistrate court, the State appealed to the district court which dismissed the appeal as being unauthorized by Idaho's criminal rules. On this appeal from the district court, we affirm.

The facts in brief indicate that at approximately midnight September 6, 1981, a fight was taking place outside a bar in Caldwell, Idaho when someone fired several shots at the fighting participants and then fled. Those shots killed two of the participants in the fight, wounded a third, and the fourth escaped injury. Ruiz was charged by a four count complaint with two counts of first degree murder, one count of battery with intent to commit a serious felony, and one count of assault with intent to commit murder. The complaint additionally alleged that Ruiz used a firearm in the commission of the charged crimes.

The preliminary hearing began on October 6 and continued until October 9, 1981. Following presentation of the State's evidence, defense counsel moved the court to dismiss the complaint. The magistrate or-

dered count two (a murder charge) dismissed, but denied the defense motion as to counts one, three and four. The prosecution then moved to reopen its case to present additional evidence in support of count two. That motion was granted and, following defense presentation of evidence, the prosecution put on one additional witness. Upon motion by the defense, the court viewed the crime scene. Thereafter, and following argument to the court and a review of the evidence, the magistrate ordered all counts dismissed.

The State filed notice of appeal to the district court and the district court dismissed that appeal, stating:

"Rule 54(1)–(8), Idaho Criminal Rules sets forth the judgments, orders, or decisions rendered by a magistrate from which appeal may be taken to the district court. This Court finds that an appeal from a magistrate's finding that there was not probable cause to bind a defendant over for trial and the subsequent order of dismissal is not an appeal authorized by the rule. This Court having no jurisdiction over this matter, therefore,

IT IS ORDERED that this appeal be hereby DISMISSED."

■ We note initially that I.C.R. 54(a) provides in pertinent part: "An appeal may be taken to the district judge's division of the district court from any of the following judgments, orders or decisions rendered by a magistrate: ... (3) An order granting a motion to dismiss a complaint." Hence, on this appeal much effort was expended arguing whether or not the defendant actually made a motion to dismiss the complaint and, therefore, whether the magistrate's action was an "order granting a motion to dismiss a complaint." For reasons stated *infra*, we hold that whether or not the order of the magistrate was an "order granting a motion to dismiss a complaint," the State may not appeal from that order, and hence we affirm the action of the district court in dismissing the attempted appeal.

I.C.R. 2(a) requires the subsequent criminal rules to be construed in accordance therewith:

"Purpose and construction. These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."

■ In the instant case, we are given two alternatives in interpreting I.C.R. 54(a). On the one hand, we may so interpret the rule in a fashion which will certainly result in unjustifiable delay (here the matter has been pending and unresolved since October 9, 1981). Such delay cannot but inure to the detriment of both the prosecution and the defense insofar as the availability of or the recollection of witnesses are concerned. Further, that availability of an appeal cannot do otherwise than increase the appellate case load of our district courts and require those district courts to second guess the exercise of discretion by the magistrate courts. On the other hand, we deem that our holding today will serve the interest of both the prosecution and the defense since, as we hold, it is clear that the prosecution can immediately thereafter initiate a new complaint before a different magistrate and insure the public's right to the speedy administration of justice. An accused, at the same time, can and will obtain a speedy determination of his rights and position without the inconvenience, delay and expense of a lengthy appellate process.

Here, the State could have simply filed another complaint with another magistrate, in effect having its assertion of error resolved in a new preliminary hearing. *See Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977); and *Rufener v. Shaud*, 98 Idaho 823, 573 P.2d 142 (1977); I.C. § 19–3506; *State v. Kingman Justice Precinct Ct. of Mohave County*, 88 Ariz. 342, 356 P.2d 694 (1960); *People v. Overstreet*, 64 Ill.App.3d 287, 21 Ill.Dec. 227, 381 N.E.2d 305 (1978); *State v. McCombs*, 164 Kan. 334, 188 P.2d 922 (1948); *State v. Thomas*, 529 S.W.2d 379 (Mo.1975); *Tell v. Wolke*, 21 Wis.2d 613, 124 N.W.2d 655 (1963); *Dreps v. State ex rel. Kaiser*, 219 Wis. 279, 262 N.W. 700 (1935); 1 WHARTON'S CRIMINAL PRO-

CEDURE § 142 (12th ed. 1974); 21 Am. Jur.2d *Criminal Law* § 419 (1981).

■■■ The State was not barred under double jeopardy principles from refiling since an accused is not put in jeopardy at a preliminary hearing. *People v. Overstreet, supra; Tell v. Wolke, supra;* 21 Am.Jur.2d Criminal Law § 419 (1981); *see Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). In *Rufener v. Shaud, supra,* it was held that the only limit to refiling a complaint is that it cannot be done without good cause or in bad faith. *See also Tell v. Wolke, supra.* As to the instant case, our dismissal at this point will not prevent refiling in consideration of the relevant statute of limitations, *see* I.C. § 19–402, nor do we deem refiling would be prevented under the speedy trial guarantee of the sixth amendment, *see United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

Our limiting construction of I.C.R. 54(a) as not allowing appeals from a dismissal of a complaint when the remedy of refiling is available is not without precedent. In Minnesota, the statute provided that in criminal cases the state might appeal from "an order, the substantive effect of which is to dismiss an indictment, information or complaint." Minn.St. 632.11, subd. 1 [statute subsequently repealed]. In *State v. Maki,* 291 Minn. 427, 192 N.W.2d 811 (1971), a magistrate had dismissed charges against a defendant and the state had attempted to appeal. The court there held that the dismissal was not appealable, stating:

> We do not understand this provision to comprehend that the state has the right to appeal every time a magistrate dismisses a complaint. As we comprehend the uses of this provision, it is intended to give the state the right to appeal under circumstances where the order appealed from effectively defeats or prevents successful prosecutive action against the defendant. In this case, the magistrate's dismissal of the complaint does not necessarily defeat or terminate the prosecution. The prosecutive authorities may, by further appropriate proceedings, pursue the matter ... by presenting it to another magistrate ....

> An appellate court should not be required to review the issue of probable cause in every preliminary examination before the magistrates of this state." *Id.* 192 N.W.2d at 812.

*See also State v. Mogan,* 301 Minn. 478, 225 N.W.2d 216 (1974); *City of St. Paul v. Landreville,* 301 Minn. 43, 221 N.W.2d 532 (1974); *City of St. Paul v. Hurd,* 299 Minn. 51, 216 N.W.2d 259 (1974); *State v. Strouth,* 294 Minn. 490, 199 N.W.2d 802 (1972).

The order of the district court dismissing the attempted appeal is affirmed. In this case, we decline to exercise our plenary power of review under art. 5, § 9, Idaho Const.

The appeal is dismissed.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

BAKES, Justice, dissenting:

The effect of the majority's holding that "whether or not the order of the magistrate was an 'order granting a motion to dismiss a complaint,' the State may not appeal from that order ..." is to repeal I.C.R. 54(a)(3), at least as it relates to dismissals after a preliminary hearing based upon the magistrate's evaluation of the evidence relating to probable cause. It seems to me the clear wording of Rule 54 authorizes such an appeal.

I agree with the majority opinion that "the State could have simply filed another complaint with another magistrate, in effect having its assertion of error resolved in a new preliminary hearing. *See Stockwell v. State,* 98 Idaho 797, 573 P.2d 116 (1977); and *Rufener v. Shaud,* 98 Idaho 823, 573 P.2d 142 (1977) ...." Ordinarily, that avenue would take care of the problem. However, there are times when it is important to have determined as a matter of law whether or not adequate evidence has been produced at a preliminary hearing in order to justify a finding of probable cause. It may well be that the magistrate's determination was based not so much upon the evidence as the magistrate's interpretation of the law relating to that evidence.

If a prosecutor feels he can present a better evidentiary case, he should certainly choose that alternative and refile, rather than appeal. However, if the dismissal results from a magistrate's legal determination that may be at odds with other magistrates in the district, it may well be that judicial economy in the long run will be served by having that determination reviewed by the district court in order to obtain a uniform ruling in that district, and perhaps ultimately by this Court in order to get a uniform interpretation of the law throughout the state. In my view, I.C.R. 54(a)(3) was adopted for just that reason.

The fact that a prosecutor may choose to appeal when his best remedy would have been to refile does not detract from the fact that I.C.R. 54(a)(3), and our decisions in *Rufener v. Shaud, supra,* and *Stockwell v. State, supra,* give him either option. Our decision today erroneously and unnecessarily restricts I.C.R. 54(a)(3), and forces prosecutors into the sole remedy of refiling. Today's opinion will no doubt be viewed by some as encouraging "judge shopping."