# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43181

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

TROY MILES SVELMOE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2016 Term

2016 Opinion No. 58

Filed: May 27, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County.  Hon. John Mitchell, District Judge.

The judgment of the district court is <u>vacated</u>, and the case is <u>remanded</u>.

John M. Adams, Kootenai County Public Defender, Coeur d'Alene, for appellant. Jay W. Logsdon argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Theodore S. Tollefson argued.

---

J. JONES, Chief Justice

Appellant Troy Svelmoe appeals a felony conviction for driving under the influence ("DUI"). Svelmoe was pulled over in Post Falls, Idaho, for vehicle equipment violations. The officer suspected that Svelmoe was driving under the influence and asked Svelmoe to perform three field sobriety tests. Svelmoe failed two of the tests and was placed under arrest. The officer then asked Svelmoe to take a breath alcohol test. Svelmoe agreed and provided two breath samples. The results of the breath tests showed an alcohol concentration (BAC) of .108 and .106.

The State filed a criminal complaint charging Svelmoe with felony DUI. At the preliminary hearing, the State did not present the results of the breath tests, and the magistrate judge dismissed the complaint for lack of probable cause to support the charge. The prosecution then refiled the criminal complaint and introduced the results of the breath tests at a second preliminary hearing. The judge concluded that the prosecution presented substantial evidence to

1

support the charge.

At the district court, Svelmoe filed a motion to dismiss the DUI charge, a motion to suppress the breath test results, and a motion in limine to exclude the breath test results. The district court denied all three of Svelmoe's motions, and the matter proceeded to a jury trial. The jury found Svelmoe guilty. Svelmoe appealed, challenging the district court's denial of his pretrial motions.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2014, Svelmoe was subject to a traffic stop in Post Falls, Idaho, for vehicle equipment violations. Another officer was called to the scene to conduct a DUI investigation. The officer noted that Svelmoe had bloodshot eyes and smelled of alcohol. The officer then conducted three field sobriety tests, of which Svelmoe failed two. Svelmoe was placed under arrest for DUI. After Svelmoe was placed under arrest, the officer read Svelmoe the ALS advisory form and asked Svelmoe to take a breath alcohol test.[1] Svelmoe agreed and provided two breath samples. Testing of the two samples revealed a BAC of .108 and .106.

Because Svelmoe had two prior DUI convictions, the State charged him with felony DUI. A preliminary hearing was held on August 21, 2014. At that hearing, the State did not present the results of the breath tests, but instead relied on the officers' testimony and the results of the field sobriety tests. According to the State, it did not have the necessary certified documentation to introduce the breath test results into evidence at that time. The magistrate judge held that the State did not establish probable cause to support the charge and dismissed the case.

On September 30, 2014, the State refiled the complaint charging Svelmoe with felony DUI. Svelmoe filed a motion to dismiss, alleging that the refiling of the complaint violated his due process rights. A preliminary hearing was held on October 31, 2014. This time the State introduced the breath test results. The magistrate judge concluded that the State presented substantial evidence to support the felony DUI charge and bound the matter to the district court. The magistrate judge declined to rule on Svelmoe's motion to dismiss, concluding that it was a matter to be decided by the district court.

Svelmoe refiled his motion to dismiss with the district court. Additionally, Svelmoe filed a motion to suppress the results of the breath tests, alleging that they were obtained through an

---

[1] The ALS advisory form notifies a suspect of the penalties for refusing to submit or failing to complete evidentiary testing as required under Idaho Code section 18-8002(3).

unlawful search and seizure. Svelmoe also filed a motion in limine to exclude evidence of the breath tests, alleging that the standard operating procedures ("SOPs") promulgated by the Idaho State Police were unreliable and were void for noncompliance with the Idaho Administrative Procedures Act ("IDAPA"). The district court held a hearing on February 11, 2015, and denied all three of Svelmoe's motions.

The case proceeded to a jury trial on February 17, 2015. At trial, the State introduced the results of the breath tests. Prior to introducing the breath test results, the State presented testimony from the arresting officer, who described his prior training using the Intoxilyzer 5000, and the procedures he followed when administering the breath tests. He additionally testified that the Intoxilyzer 5000 used on May 9, 2014, was properly calibrated and passed all of the internal tests to ensure that it was functioning properly. Svelmoe objected to the introduction of the breath test results based on lack of foundation. The district court overruled Svelmoe's objection and admitted the test results into evidence. The jury returned a verdict of guilty. Judgment was entered on April 8, 2015. Svelmoe timely appealed, challenging the district court's denial of his pretrial motions.

## II.
## ISSUES ON APPEAL

1. Whether the district court erred in denying Svelmoe's motion to dismiss.
2. Whether the district court erred in denying Svelmoe's motion to suppress.
3. Whether the district court erred in denying Svelmoe's motion in limine.

## III.
## STANDARD OF REVIEW

Questions regarding a court's jurisdiction and due process are questions of law over which this Court exercises free review. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003); *Idaho Historic Pres. Council, Inc. v. City Council of City of Boise*, 134 Idaho 651, 654, 8 P.3d 646, 649 (2000).

The Court reviews the denial of a motion to suppress using a bifurcated standard. *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009). "This Court will accept the trial court's findings of fact unless they are clearly erroneous." *Id*. "However, this Court may freely review the trial court's application of constitutional principles in light of the facts found." *Id*.

"The trial court's judgment concerning admission of evidence shall only be disturbed on appeal when there has been a clear abuse of discretion." *State v. Perry*, 150 Idaho 209, 218, 245

P.3d 961, 970 (2010) (internal quotation marks omitted). In determining whether the trial court abused its discretion the Court considers:

> (1) [W]hether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Id*. (quoting *Hall v. Farmers All. Mut. Ins. Co.*, 145 Idaho 313, 319, 179 P.3d 276, 282 (2008)).

## IV.
## ANALYSIS

**1. The district court did not err in denying Svelmoe's motion to dismiss.**

Svelmoe contends that this Court should reverse the district court's denial of his motion to dismiss on two grounds. First, Svelmoe argues that the magistrate judge erred in concluding that he did not have jurisdiction to consider Svelmoe's motion to dismiss. Second, Svelmoe argues that the district court erred in ruling that Svelmoe's due process rights were not violated by the State's refiling of the criminal complaint.

> a. We decline to address whether the magistrate judge erred in concluding he did not have jurisdiction to consider Svelmoe's motion to dismiss.

Idaho Code section 1-2208(3) provides that, subject to the rules promulgated by this Court, a district judge may assign the following criminal and quasi-criminal proceedings to magistrates:

> (a) Misdemeanor and quasi-criminal actions;
> (b) Proceedings to prevent the commission of crimes;
> (c) Proceedings pertaining to warrants for arrest or for searches and seizures; and
> (d) Proceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses.

The magistrate judge can be assigned the trial, related hearings, and sentencing in a felony proceeding "when approved by order of the Supreme Court upon an application by the administrative judge of a judicial district." I.C.R. 2.2(c)(1).

At the preliminary hearing, the magistrate judge concluded that his jurisdiction was limited to considering whether the State had established probable cause to support the felony DUI charge. The magistrate reasoned that if he determined that there was probable cause, the matter would be bound over to the district court and that would be the appropriate time and place for Svelmoe to move to dismiss the complaint. In fact, Svelmoe did refile his motion to dismiss, and he obtained a ruling from the district court.

4

We need not reach the question of whether the magistrate judge had jurisdiction to consider Svelmoe's motion to dismiss. Idaho Criminal Rule 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Any error that the magistrate allegedly committed in declining to hear Svelmoe's motion to dismiss was inconsequential. Svelmoe was able to file his motion with the district court and obtain a ruling there. Svelmoe has failed to allege how his rights were affected by having the district court, rather than the magistrate, rule on his motion to dismiss. Therefore, we decline to address this issue on appeal.

### b. The district court did not err in ruling that Svelmoe's due process rights were not violated by the State's refiling of the criminal complaint.

The refiling of a criminal charge following a dismissal at a preliminary hearing is not a per se violation of the due process clauses of the Idaho and U.S. Constitutions. *Stockwell v. State*, 98 Idaho 797, 805–07, 573 P.2d 116, 124–26 (1977). However, refiling a criminal complaint may violate a defendant's due process rights where it is "done for the purpose of harassment or delay or forum-shopping." *Id.* at 806, 573 P.2d at 125. In *Stockwell*, this Court concluded that good cause may exist to refile a criminal complaint where the prosecutor believes in good faith that the magistrate committed error or where the prosecutor seeks to introduce new evidence. *Id*. In *Rufener v. Shaud*, this Court reaffirmed the holding in *Stockwell*, concluding that the refiling of a criminal complaint does not violate due process "unless done without good cause or in bad faith." 98 Idaho 823, 825, 573 P.2d 142, 144 (1977).

Here, it is undisputed that the State refiled the criminal complaint charging Svelmoe with felony DUI. It is also undisputed that the State introduced the breath test results at the second preliminary hearing but not at the first preliminary hearing. Svelmoe argues that the introduction of new evidence alone does not establish that a complaint was refiled in good faith. Rather, Svelmoe argues that *Stockwell* requires that, at the time of the first preliminary hearing, the evidence had to be unknown and undiscoverable. Svelmoe alleges that the State did not have good cause to refile in this case because the State knew of the breath test results at the time of the original hearing and made no attempt to introduce them or seek a continuance until the proper certification could be obtained. The State argues that *Stockwell* does not require that additional evidence be "newly discovered" in order for the State to have good cause to refile a criminal complaint.

5

The Court in *Stockwell* concluded that it "views critically the practice of 'shopping' among magistrates or the repeated refiling of a charge until a favorable ruling is obtained." 98 Idaho at 806, 573 P.2d at 125 (quoting *Nicodemus v. Dist. Ct. of Oklahoma Cnty.*, 473 P.2d 312, 316 (Okla. Crim. App. 1970)). The Court went on to state that "[t]his is not to say that when new evidence becomes available or when the prosecutor believes in good faith that the magistrate committed error, the charge should not be refiled." *Id.* (quoting *Nicodemus*, 473 P.2d at 316). Svelmoe seems to interpret the phrase "when new evidence becomes available" as requiring that the State be unaware of the evidence at the time of the original hearing. The district court disagreed with this interpretation, holding that "new evidence" includes evidence that was not presented at the first hearing, regardless of whether the evidence was known to the prosecution at the time of that hearing.

The Idaho Court of Appeals addressed this issue in *State v. Moser* and held that "*Stockwell* does not require that the evidence presented be entirely new and previously undiscovered." No. 36933, 2010 WL 9589226, at *2 (Ct. App. Oct. 7, 2010). The court concluded that "[t]o hold otherwise would require the state to make its entire trial presentation at the preliminary hearing or run the risk of a magistrate finding that something less than the entire presentation fell short of probable cause." *Id.* Although the Court of Appeals decision was non-published, it was correct and we adopt its holding and reasoning. Adopting the approach set forth by Svelmoe would essentially transform the prosecutor's burden of establishing probable cause at a preliminary hearing into a full trial presentation. Additionally, requiring the prosecution to put forth all evidence known to it in the preliminary hearing—regardless of whether the prosecutor believed it was necessary to establish probable cause—would increase delay and cost in pretrial proceedings. This would also unnecessarily burden the courts with excessive pretrial evidentiary hearings and result in the slower administration of justice.

The State must have the opportunity to refile a criminal complaint after dismissal at a preliminary hearing. This Court has previously held that the State may not appeal a magistrate's dismissal of a criminal complaint at a preliminary hearing. *State v. Ruiz*, 106 Idaho 336, 338, 678 P.2d 1109, 1111 (1984). Rather, its remedy was to "simply file[] another complaint with another magistrate, in effect having its assertion of error resolved in a new preliminary hearing." *Id.* at 337, 678 P.2d at 1110. In *Ruiz*, this Court concluded that the State's refiling of the complaint

rather than appealing the magistrate's decision best served the interests of both the prosecution and the defense.

> [A]s we hold, it is clear that the prosecution can immediately thereafter initiate a new complaint before a different magistrate and [e]nsure the public's right to the speedy administration of justice. An accused, at the same time, can and will obtain a speedy determination of his rights and position without the inconvenience, delay and expense of a lengthy appellate process.

*Id.* As the State's only recourse to challenge a dismissal at a preliminary hearing is refiling the complaint, it would not favor the interests of justice to require that the State present "newly discovered" evidence to show a refiling was made in good faith. That is not to say that the refiling of a criminal complaint can never rise to the level of a due process violation. As this Court articulated in *Stockwell*, the refiling of a criminal complaint may violate due process where a defendant shows that it was done for the purpose of harassment, delay, or forum-shopping. 98 Idaho at 806, 573 P.2d at 125.

Svelmoe has provided no evidence tending to show that the State refiled the complaint for an improper purpose. There is no indication that the State was forum shopping as both preliminary hearings were before the same magistrate. Additionally, this was not a situation where the State repeatedly refiled. The State alleges that it did not present evidence of the breath test results at the original hearing because it did not have certified documentation to introduce the results, and the prosecutor believed that the officers' testimony was sufficient to establish probable cause to support the DUI charge. After the magistrate judge dismissed the complaint, the State timely refiled and introduced the breath test results in the second preliminary hearing. The fact that the breath tests were known to the prosecutor at the time of first preliminary hearing, by itself, does not establish that the refiling was done for the purpose of delay or harassment.

We hold that the district court did not err in concluding that Svelmoe's due process rights were not violated by the State's refiling of the criminal complaint.

**2. The district court did not err in denying Svelmoe's motion to suppress.**

At the district court, Svelmoe filed a motion to suppress the results of the breath tests, alleging that the results were obtained through an unlawful search and seizure. Svelmoe argues that he did not voluntarily consent to the breath tests because he was read the ALS advisory form informing him of the penalties for refusing a breath test and such penalties were coercive. The

7

district court held that Svelmoe voluntarily consented to the breath tests and denied Svelmoe's motion to suppress.

As the State argues, Svelmoe's argument is foreclosed by our recent decision in *State v. Haynes*, 159 Idaho 36, 355 P.3d 1266 (2015). In *Haynes*, the defendant argued her consent to breath testing was involuntary because the civil penalties imposed for refusing a breath test were coercive. *Id*. at 45, 355 P.3d at 1275. We held that requiring a person to submit to a breath test is not an unreasonable search where the officer has reasonable grounds to believe that the person was operating a motor vehicle while under the influence of alcohol. *Id*. at 45–46, 355 P.3d at 1275–76. Ultimately, we concluded that whether consent was voluntary was immaterial because consent is an exception to the warrant requirement and "does not apply where the search was reasonable and a warrant was therefore not required." *Id* at 46, 355 P.3d at 1276.

Our holding in *Haynes* is directly applicable here. Svelmoe was operating a motor vehicle when he was pulled over for vehicle equipment violations. The arresting officer testified that Svelmoe had bloodshot eyes and smelled of alcohol. The officer additionally testified that Svelmoe failed two of three field sobriety tests. Based on the foregoing, the officer had reasonable grounds to believe that Svelmoe was operating a motor vehicle while under the influence of alcohol. Under *Haynes*, the request that Svelmoe submit to a breath test was not an unreasonable search and no warrant was required. Therefore, Svelmoe's argument that his consent was involuntary is irrelevant.

We hold that the district court did not err in denying Svelmoe's motion to suppress the breath test results.

### 3. The district court erred in denying Svelmoe's motion in limine and in admitting the breath test results.

Svelmoe argues that the State could not rely on the SOPs promulgated by the Idaho State Police to establish the reliability of the breath test results because the SOPs do not provide for a reliable procedure. Additionally, Svelmoe argues that the SOPs were void because they were not promulgated in compliance with IDAPA. Svelmoe's arguments are substantially the same arguments that we addressed in *Haynes*, 159 Idaho 36, 355 P.3d 1266, and *State v. Riendeau*, 159 Idaho 52, 355 P.3d 1282 (2015).

Under Idaho Code section 18-8004(4),

the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or

approved by the Idaho state police or by any other method approved by the Idaho state police shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

IDAPA 11.03.01.014 provides the administrative rules adopted by the Idaho State Police for breath alcohol testing.[2] *Haynes*, 159 Idaho at 41–42, 355 P.3d at 1271–72 (citing IDAPA 11.03.01.014 (2013)). "Pursuant to these rules, breath tests are to be administered in conformity with standards 'issued in the form of analytical methods and standard operating procedures.'" *Id.* at 42, 355 P.3d at 1272 (quoting IDAPA 11.03.01.014.03 (2013)).

As discussed at length in *Haynes*, the Idaho State Police issued amended SOPs for breath tests in 2013 ("2013 SOPs"), changing the word "must" in some provisions to "should," thereby making formerly mandatory provisions permissive. *Id.* at 42–43, 355 P.3d at 1272–73. In *Haynes*, the defendant filed a motion in limine seeking to exclude evidence of breath test results. *Id.* at 41, 355 P.3d at 1271. The defendant argued that the 2013 SOPs did not provide a reliable procedure that ensured accurate test results, and the 2013 SOPs were void because they were not promulgated in compliance with IDAPA. *Id.* at 42–43, 355 P.3d at 1272–73. The magistrate denied the defendant's motion in limine, but concluded that the State would still have to establish the accuracy of the test results at trial. *Id.* at 43, 355 P.3d at 1273. The district court affirmed the magistrate's ruling. *Id.* at 44, 355 P.3d at 1274.

On appeal, this Court held that the 2013 SOPs constituted rules under IDAPA and were void because they were not adopted in compliance with the Act. *Id.* at 45, 355 P.3d at 1275. However, we concluded that the State did not have to rely on the 2013 SOPs to establish an adequate foundation because a foundation could be established *either* by showing the test was administered in conformity with applicable test procedures *or* through expert testimony. *Id.* Although the first avenue was foreclosed because the 2013 SOPs were void, we found that the State could still have established an adequate foundation at trial through expert testimony. *Id.* Based on this reasoning, we held that "[b]ecause Ms. Haynes pled guilty prior to trial, the magistrate court never had to determine whether the State could present sufficient evidence to establish that foundation," and therefore, "[t]he district court did not err in holding that the magistrate did not err in denying the motion in limine." *Id.*

---

[2] IDAPA 11.03.01.014 was substantially amended on April 11, 2015. However, those amendments were not in effect when Svelmoe was arrested and subject to the breath tests on May 9, 2014.

In *State v. Riendeau*, we were again presented with the question of whether breath test results should have been excluded because the 2013 SOPs were void for noncompliance with IDAPA. 159 Idaho at 54–55, 355 P.3d at 1284–85. In *Riendeau*, an evidentiary hearing had been held regarding the motion in limine. *Id.* at 54, 355 P.3d at 1284. At the evidentiary hearing, the State presented expert testimony from a forensic scientist who helped draft the 2013 SOPs. *Id.* The forensic scientist testified the SOPs required that the instrumental readings between the first and second breath sample be within .020 of each other in order to establish an objective measurement for the lack of external contamination of the breath samples. *Id.* The forensic scientist then testified that the breath samples taken from Riendeau (.175 and .181) were within .020 of each other, ruling out external contamination. *Id.* The forensic scientist also testified that a performance verification must be completed for the Intoxilyzer 5000 during the course of breath testing, which further guarantees the reliability of the test results. *Id.*

The State also offered testimony from the arresting officer. *Id.* The arresting officer testified that he checked the suspect's mouth to clear it of any substances and observed the suspect for fifteen minutes before administering the breath test. *Id.* Additionally, the officer testified that he conducted the required performance verification, which showed the Intoxilyzer 5000 was functioning properly. *Id.*

The magistrate denied Riendeau's motion in limine, concluding that the arresting officer followed the 2013 SOPs, which ensured the accuracy of the test results. *Id.* The district court affirmed that ruling. *Id.* at 53, 355 P.3d at 1283. On appeal, we upheld the denial of Riendeau's motion in limine. *Id.* at 55, 355 P.3d at 1285. We concluded that although the 2013 SOPs had been declared void in *Haynes*, the district court's affirmance of the magistrate's ruling should be upheld because the testimony of the forensic scientist and the arresting officer established a sufficient foundation to admit the test results. *Id.*

When the district court ruled on Svelmoe's motion in limine, our decisions in *Haynes* and *Riendeau* had not been issued. In denying Svelmoe's motion, the district court relied on *State v. Besaw*, 155 Idaho 134, 306 P.3d 219 (Ct. App. 2013). There, the Court of Appeals addressed whether breath test results should have been excluded because the 2013 SOPs did not provide for a reliable procedure. *Id.* at 142–44, 306 P.3d at 227–29. The Court of Appeals concluded that "[a]lthough Besaw has exposed some troubling information about the manner in which the SOPs for breath testing have been developed or amended, we are not persuaded that he has

demonstrated that the SOP procedures are incapable of yielding accurate results." *Id*. at 144, 306 P.3d at 229. In the present case, the district court reasoned that *Besaw* was controlling on this issue and, although it believed that the SOPs weren't promulgated according to IDAPA, it had to follow the Court of Appeals' ruling. Ultimately, the district court concluded that, under *Besaw*, the State could rely on compliance with the 2013 SOPs to establish a foundation for the breath test results.

However, under our holding in *Haynes*, the 2013 SOPs were void and the State could not rely on compliance with those procedures to establish a foundation for breath test results. 159 Idaho at 45, 355 P.3d at 1275. Therefore, the district court erred in concluding that the State could rely on the 2013 SOPs to establish a foundation for the breath test results. Additionally, unlike *Riendeau*, the State did not present sufficient evidence to establish a foundation to admit the test results without reliance on the 2013 SOPs.

As we stated in *Haynes*, an adequate foundation for the breath test results can be established either by showing the test was administered in conformity with applicable test procedures or through expert testimony. 159 Idaho at 45, 355 P.3d at 1275. The first avenue was not available in this case because the 2013 SOPs were void. Where that avenue was unavailable, the State needed to present expert testimony to establish the reliability of the testing procedures and the accuracy of the test results. It did not.

Prior to the introduction of the breath test results, the State presented testimony from the arresting officer. The officer testified that he complied with standard procedure and, prior to obtaining the breath sample, he checked Svelmoe's mouth for any foreign objects and observed Svelmoe for fifteen minutes. The officer further testified that he had been trained to use the Intoxilyzer 5000 and was certified to use that machine to administer a breath alcohol test on May 9, 2014. Additionally, the officer testified that the results of the breath tests (.108 and .106) were within the range of each other required to be considered reliable. However, the State did not introduce any expert testimony to establish that the procedures followed were reliable and likely to produce an accurate result. Here, the State only presented testimony from the arresting officer who was not certified as an expert on breath testing procedures. Under these circumstances, the testimony of the arresting officer alone did not establish the reliability of the testing procedures and the accuracy of the breath test results. We hold that the State did not establish an adequate

11

foundation for the breath test results and that the district court therefore abused its discretion in admitting the test results into evidence.

"In the case of an incorrect ruling regarding evidence, this Court will grant relief on appeal only if the error affects a substantial right of one of the parties." *State v. Ehrlick*, 158 Idaho 900, 911, 354 P.3d 462, 473 (2015). "To establish harmless error, the State must prove 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* (quoting *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010)). The State has failed to allege or demonstrate how the admission of the breath test results did not contribute to the verdict finding Svelmoe guilty of felony DUI. Therefore, we vacate the conviction for felony DUI and remand for further proceedings.

## V.
## CONCLUSION

We vacate the judgment of the district court and remand for further proceedings.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.