**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51246**

|  |  |  |
|---|---|---|
| In the Interest of: John Doe (2023-45), Juvenile Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, | ) ) | **Filed: February 7, 2025** |
| Petitioner-Respondent, | ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) | |
| JOHN DOE (2023-45), | ) ) | |
| Juvenile-Appellant. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Cathleen MacGregor Irby, Magistrate.

Decision of the district court on intermediate appeal from the magistrate court, <u>reversed</u> and <u>case dismissed</u>.

Anthony R. Geddes, Ada County Public Defender; Alexander K. Grad, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

The Ada County prosecutor petitioned Doe into juvenile court under the Juvenile Corrections Act (JCA) with one count of misdemeanor possession of certain weapons by a minor, Idaho Code § 18-3302F(1). Doe moved to dismiss the petition based on various defects including mischaracterizing the offense and failing to allege the absence of protected conduct. The magistrate court granted Doe's motion and dismissed the case. The State appealed the dismissal, and the district court reversed. Doe appeals.

1

# I.

## FACTS AND PROCEDURAL HISTORY

Doe was petitioned into juvenile court for possession of a handgun by a minor under I.C. § 18-3302F(1). The State's petition alleged that on June 19, 2022, Doe was twelve years old and in possession of a handgun. The petition also stated that the violation of I.C. § 18-3302F(1) was a misdemeanor. Doe filed a motion to dismiss the petition on the grounds that the offense under I.C. § 18-3302F(1) is a status offense rather than a misdemeanor and that the State's pleading was insufficient for failing to allege the absence of protected conduct. The magistrate court granted the motion and dismissed the case holding that: (1) I.C. § 18-3302F(1) is a status offense; (2) the State's petition was insufficient; and (3) the State could not amend the petition. The State appealed to the district court. Doe filed a motion to dismiss the appeal contending the district court lacked jurisdiction because the order dismissing the petition was not an appealable order. The district court denied the motion, holding that the State could appeal under the procedural rules.

On appeal, the district court held that the magistrate court erred by determining that the offense is a status offense. The court noted that: (1) I.C. § 18-3302E, which was enacted in the same bill as I.C. § 18-3302F, makes the possession of *any weapon* by a minor a misdemeanor; and (2) I.C. 18-3302A defines "weapon" as including any "pistol, revolver, or gun." The district court reasoned that an offense under I.C. § 18-3302F would also be a misdemeanor when interpreted within the context of the other statutes, even if the violation is based on the offender's minority status.

In regard to the State's petition, the district court found that the facts alleged were sufficient. The court held that the State need not allege the absence of the protected conduct listed under I.C. § 18-3302G because the exceptions are set out in a separate statute, are not required to show a violation of I.C. § 18-3302F(1), and it is incumbent upon Doe to put the exceptions at issue. Finally, the district court held that the State is allowed to amend a petition pursuant to the Idaho Juvenile Rules (I.J.R.) and Idaho Criminal Rules (I.C.R.). The district court therefore reversed the magistrate court's dismissal of the petition. Doe appeals.

# II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

2

conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Doe argues that: (1) the magistrate court's order of dismissal is not an appealable order, and the district court erred in denying Doe's motion to dismiss the appeal; (2) the offense under I.C. § 18-3302F(1) is a status offense not a misdemeanor; and (3) the State failed to allege the absence of protected conduct under I.C. § 18-3302G. We address the jurisdictional argument.

Doe argues that the State may not appeal the dismissal by the magistrate court. Relatedly, Doe contends that the district court erred by denying his motion to dismiss the appeal. Doe asserts that the right to appeal is substantive, created by legislative enactment not procedural rule, and that as held in *State v. Doe (2022-15)*, 172 Idaho 592, 535 P.3d 568 (2023), I.C. § 20-528 limits the right to appeal in the context of juvenile cases. The State argues that the district court was correct to deny the motion to dismiss as the rules of procedure provide the right to appeal. Specifically, the district court concluded that the State was granted the right to appeal by I.J.R. 21, which incorporates I.C.R. 54, which allows an appeal from an order dismissing a case.

The right to appeal is a matter of substantive law and is provided by statute or constitutional provision. *See Striebeck v. Emp. Sec. Agency*, 83 Idaho 531, 537-38, 366 P.2d 589, 591-93 (1961) ("It is well established that except where the right of appeal is secured by the constitution, so as to have become a constitutional right, it is dependent entirely upon statute, and is subject to the control of the legislature, which may, in its discretion, grant or take away the remedy and prescribe in what cases, under what circumstances, in what manner, and to and from what courts appeals may be taken."). Article V, § 13, of the Constitution of the State of Idaho states that the legislature shall provide a proper system of appeals. *See also Daw ex rel. Daw v. Sch. Dist. 91 Bd. of Trustees*, 136 Idaho 806, 808, 41 P.3d 234, 236 (2001) ("Because the right to appeal is statutory, an appeal from such other matters and cases is not 'allowed by law' unless the legislature has enacted a statute permitting such appeal."). Therefore, there must be a law that grants the right to appeal

3

and the party seeking the appeal must meet the requirements of the applicable statute or constitutional provision.[1]

Article V, § 20, of the Idaho Constitution states that the district court shall have appellate jurisdiction "as may be conferred by law." The legislature has passed various statutes that confer appellate jurisdiction to the district courts. I.C. § 1-705 states that a district court's appellate jurisdiction "extends to all cases assigned to magistrate's division of the district court; and to all other matters and cases wherein appeal is allowed by law." This appellate jurisdiction may be further limited by other statutes, as the legislature sees fit. *See* I.C. § 1-2213(1) ("Appeals from final judgments of the magistrate's division shall be taken and heard in the manner prescribed by law or rule."). Therefore, once a statute grants the right to appeal, the party seeking the appeal must meet the requirements of the statute, as well as any of the relevant limitations under the law.

The district court held that the State's appeal is governed by other authority, namely, the procedural rules. As noted, the district court determined that I.J.R. 21 incorporates I.C.R. 54 which allows an appeal from an order dismissing a case.[2] Courts provide the rules by which an appeal may be brought under the applicable law. However, because the rules of procedure are promulgated by the courts, rather than the legislature, the rules are only the means of exercising such a right, not a grant of the right itself. *See State v. Beam*, 121 Idaho 862, 864, 828 P.2d 891, 893 (1992) (explaining that "practice and procedure pertain to the essentially mechanical

---

[1] The same is true in federal practice. *See Abney v. United States*, 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute; in order to exercise that statutory right of appeal one must come within the terms of the applicable statute in this case, 28 U.S.C. § 1291."); *Arizona v. Manypenny*, 451 U.S. 232, 245 (1981) ("This federal policy has deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so."). The principle articulated in *Manypenny* is particularly instructive where, as here, it was the State appealing the motion to dismiss.

[2] Idaho Juvenile Rule 21 incorporates Idaho Criminal Rule 54 to the extent it does not conflict with the juvenile rules. The State argues that I.C.R. 54 does not conflict with the juvenile rules and, thus, appeal of the dismissal order is allowed. Doe argues that I.C.R. 54(a)(1)(C) conflicts with Idaho Code § 20-528 because it conflicts with I.J.R. Rule 21 by exceeding the scope of I.J.R. 2, which refers to the scope and duration of juvenile court jurisdiction under Chapter 5 of Title 20, Idaho Code. Doe also contends that I.C.R. 54(a)(1)(C) conflicts with I.C. § 20-528 because it implies that the State can file appeals of dismissals contrary to the I.C. § 20-528 requirement of a juvenile order or final judgement "affecting a juvenile offender" within the purview of the J.C.A. Since the Idaho Criminal Rules do not provide the right, versus the mechanism, to appeal, we need not address the conflict arguments.

operations of the courts by which substantive law, rights, and remedies are effectuated"). Further, the rules of procedure "shall neither abridge, enlarge nor modify the substantive rights of any litigant." I.C. § 1-213. Therefore, once an appeal is granted by statute, the applicable rules provide the specific means by which a party may bring the appeal.

In this case, I.C. § 20-528 is the governing statute which provides the right to appeal in juvenile cases. It states, in pertinent part:

> All orders or final judgments made by any court in matters affecting a *juvenile offender within the purview of this act* may be appealed by the juvenile offender or the state. A decision by the court pursuant to section 20-508, Idaho Code, not to waive jurisdiction under this act over the juvenile offender may be appealed by the state. Appeals shall be reviewed as provided by the appellate rules of the supreme court of Idaho, except no undertaking shall be required.

I.C. § 20-528 (emphasis added).[3]

In *Doe (2022-15)*, Doe filed a motion to suppress evidence which the magistrate court denied. *Id*. at 594, 535 P.3d at 570. Doe then filed a motion for permission to appeal the magistrate court's interlocutory order denying the motion to suppress, which the magistrate court also denied. *Id*. at 595, 535 P.3d at 571. Doe then appealed to the district court. *Id*.

> The State filed a motion to dismiss Doe's appeal, arguing he had failed to cite a statute that provided authority for the appeal. Doe filed an amended notice of appeal, citing Idaho Code section 20-528, Idaho Juvenile Rule 24, Idaho Criminal Rule 54(a)(1)(G), and Idaho Civil Rule of Procedure 83(a)(2)(F). In reviewing the record, the district court determined that Doe's "underlying charge has not proceeded to trial and there has been no conditional admission to the charge." Accordingly, the district court granted the State's motion to dismiss on determining that Doe was not yet "within the purview of the juvenile corrections act" because there had been no finding of a violation. The district court concluded that "Idaho Code section 20-528 does not provide a right to appeal orders entered prior to a finding of a violation."

*Id*. at 595, 535 P.3d at 571. The Supreme Court agreed with the district court's holdings and stated that "Idaho Code section 20-528 requires appeals to follow a finding by the court that the juvenile has committed acts bringing the juvenile within the purview of the JCA." *Doe (2022-15)*, 172 Idaho at 598, 535 P.3d at 574. The Court noted that the term "juvenile offender," as used under

---

[3]     There are comparable statutes granting appeals in civil and criminal cases: I.C. § 13-201 ("An appeal may be taken to the supreme court from a district court in any civil action by such parties from such orders and judgments, and within such times and in such manner as prescribed by rule of the supreme court."); I.C. § 19-2801 ("An appeal may be taken to the supreme court from the district court in a criminal action by such parties from such judgments and orders of the district court, and within such times and in such manner as prescribed by rule of the supreme court.").

I.C. § 20-528, is defined under § 20-502(12) as "a person less than eighteen (18) years of age at the time of any act, omission or status and who has been adjudicated as being within the purview of [the JCA]." *Doe (2022-15)*, 172 Idaho at 596, 535 P.3d at 572. The Court held that "the only way a juvenile comes 'within the purview' of the JCA is through either a finding of guilt following an evidentiary hearing or a guilty plea." *Id*. at 597, 535 P.3d at 573.

Here, Doe has not admitted to the charges and there has been no evidentiary hearing concluding in a finding of guilt. Instead, Doe immediately moved to dismiss the petition which the magistrate court granted. Without an admission of guilt or an evidentiary hearing, there has been no final adjudication that Doe is a juvenile offender within the purview of the JCA such that the State, or Doe, may appeal an order under I.C. § 20-528. [4]

The district court was without jurisdiction to entertain the appeal. Therefore, the district court erred in denying Doe's motion to dismiss the appeal and in reversing the magistrate court's order of dismissal.[5][6] Consequently, we do not address whether the offense under I.C. § 18-

---

[4]    We note the State's contention that *Doe (2022-15)* only regarded interlocutory orders, but we disagree that the Court's holding is so narrow as to only apply to such orders. If the State's view is adopted, and Rule 54(a) allows appeals despite the language in I.C. § 20-528, Doe would be able to appeal an interlocutory order contrary to *Doe (2022-15)*.

[5]    Doe additionally argues that the State cannot appeal in the circumstance where the petition could be re-filed. The Idaho Supreme Court in *State v. Loomis*, 146 Idaho 700, 201 P.3d 1277 (2008) held that if the State has the option to refile the complaint, the State may not appeal the magistrate's dismissal of the complaint. *Id*. at 704-705, 201 P.3d at 1281-82 ("The better rule is to strictly prohibit the State's right to appeal from dismissals of criminal complaints at the preliminary hearing stage so as to prevent lengthy and expensive criminal proceedings and the squandering of public resources."). *Loomis* upheld the Court's prior ruling in *State v. Ruiz*, 106 Idaho 336, 678 P.2d 1109 (1984), which limited I.C.R. 54(a) by not allowing appeals where the remedy of refiling is available. *Id*. at 337-338, 678 P.2d at 1111 (" we hold that whether or not the order of the magistrate was an 'order granting a motion to dismiss a complaint,' the State may not appeal from that order"). While we need not decide this case on that ground, we note that refiling would not provide an avenue to address the underlying dispute as to whether the State may charge as a misdemeanor rather than a status offense.

[6]    Additionally, the district court held that the remedy in the magistrate court was to allow amendment. While allowing an amendment may resolve the dispute as to whether the State must allege the absence of protected conduct under I.C. § 18-3302G simply by inclusion of such allegations, it would not resolve the dispute as to whether the State must do so. Moreover, allowing the State to amend the petition in the magistrate court would not resolve the dispute as to whether the State could charge a misdemeanor rather than a status offense.

3302F(1) is a status offense rather than a misdemeanor or whether the State was required to allege the absence of protected conduct under I.C. § 18-3302G.

## IV.

## CONCLUSION

The order of the district court is reversed and the case dismissed.

Judge LORELLO and Judge TRIBE **CONCUR**.